# Exhibit 1

**TIFFANY & BOSCO, P.A.**
Richard Himelrick (AZ 004738)
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Liaison Counsel for Class Representatives
and the Class*

**LABATON SUCHAROW LLP**
Ira Schochet
Christopher J. Keller
Stephen W. Tountas
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP**
Katharine M. Ryan
Benjamin J. Hinerfeld
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Lead Counsel for Class Representatives
and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: AMKOR TECHNOLOGY INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) |
| | Civil Action No.: 07-CV-278 |
| This Document Relates to: | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| ALL ACTIONS | |

1       This Stipulation and Agreement of Settlement dated May 20, 2009 (the

2  "Stipulation") is submitted in the above-captioned litigation (the "Action"), pursuant to

3  Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the United

4  States District Court for the District of Arizona (the "Court"), this Stipulation is entered

5  into among the following parties:  plaintiffs State-Boston Retirement System, Scott

6  Bishins, Westmoreland County Employees Retirement System and City of Wilkes Barre

7  (collectively, "Co-Lead Plaintiffs" or the "Plaintiffs"), and additional class

8  representatives Albert Hendricks and Glennon Zelch (together with Co-Lead Plaintiffs,

9  the "Class Representatives"), on behalf of themselves and the Class (as defined herein),

10  and defendants Amkor Technology, Inc. ("Amkor" or the "Company"), James J. Kim,

11  Kenneth T. Joyce, Winston J. Churchill, Thomas D. George and John N. Boruch

12  (collectively, the "Defendants" and, together with the Class Representatives, the

13  "Parties"), by and through their undersigned counsel.

14       WHEREAS:

15       A.    Beginning on January 23, 2006, the following three putative securities class

16  actions were filed in the United States District Court for the Eastern District of

17  Pennsylvania against Amkor and certain of the Company's present and former officers

18  and directors: *Nathan Weiss v. Amkor Technology, Inc., et al.*, Civil Action No. 2:06-cv-

19  00298-LP; *Bruce Hoerr v. Amkor Technology, Inc., et al.*, Civil Action No. 2:06-cv-

20  00381-LP; and *Bill Rozakis v. Amkor Technology, Inc., et al.*, Civil Action No. 2:06-cv-

21  00610-LP.

22       B.    By Order entered May 23, 2006, the District Court for the Eastern District

23  of Pennsylvania consolidated the above cases under the caption *In re Amkor Technology,*

24  *Inc. Securities Litigation*, Civil Action No. 2:06-CV-298 (LP).  By the same Order, Co-

25  Lead Plaintiffs were appointed to prosecute the Action on behalf of the Class and Co-

26  Lead Plaintiffs' choice of counsel, Labaton Sucharow & Rudoff LLP and Schiffrin &

27

28

1  Barroway, LLP, was appointed as co-lead counsel ("Co-Lead Counsel") and Goldman

2  Scarlato & Karon, P.C. as liaison counsel for the Class.[1]

3       C.    On August 14, 2006, Plaintiffs filed the Amended and Consolidated

4  Complaint for Violations of the Federal Securities Laws (the "Complaint").  The

5  Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act

6  of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder by the United

7  States Securities and Exchange Commission ("SEC"), against Defendants.

8       D.    On November 21, 2006, pursuant to a stipulation which explicitly

9  contemplated the filing of a second amended complaint, Plaintiffs filed the Second

10  Amended and Consolidated Complaint for Violations of the Federal Securities Laws (the

11  "Amended Complaint"), which incorporated new allegations concerning the Company's

12  restatement of its financials between 1998 and 2006 and the findings of an internal

13  investigation by Amkor into the Company's historical stock option granting practices.

14  The Amended Complaint alleged, among other things, that, between July 26, 2001 and

15  July 26, 2006, inclusive (the "Class Period"), Defendants engaged in practices whereby

16  the Company improperly granted backdated stock options and that, as a result, the

17  financial statements that Amkor filed during the Class Period were materially false and

18  misleading, overstating the Company's net income and understating its compensation

19  costs.  The Amended Complaint also alleged that Defendants issued false and misleading

20  statements concerning customer demand and profit margins.  Plaintiffs further asserted

21  that Defendants' alleged conduct caused Amkor's common stock to trade at artificially

22  inflated prices during the Class Period.

23       E.    On December 28, 2006, the District Court for the Eastern District of

24  Pennsylvania entered an Order granting Defendants' motion to transfer venue to the

---

25  [1] Labaton Sucharow & Rudoff LLP has since changed its name to Labaton Sucharow
26  LLP and Schiffrin & Barroway, LLP has since changed its name to Barroway Topaz
    Kessler Meltzer & Check, LLP.  Additionally, when the Action was transferred to the
27  District Court for the District of Arizona, Tiffany & Bosco, P.A. replaced Goldman
    Scarlato & Karon, P.C. as liaison counsel ("Liaison Counsel").  *See* ¶E below.
28

1   United States District Court for the District of Arizona.  On February 7, 2007, this Action

2   was transferred to this Court and assigned to the Honorable Paul G. Rosenblatt.

3      F.     Defendants moved to dismiss the Amended Complaint on February 23,

4   2007.

5      G.     Plaintiffs filed a memorandum in opposition to Defendants' motions to

6   dismiss on April 24, 2007, and on June 4, 2007, Defendants filed replies in support of

7   their motions to dismiss.  On September 25, 2007, the Court dismissed the Amended

8   Complaint with prejudice, and it entered judgment in favor of Defendants on October 2,

9   2007.

10      H.     On October 23, 2007, Plaintiffs timely filed their appeal of the Court's

11   decision on Defendants' motions to dismiss to the United States Court of Appeals for the

12   Ninth Circuit (the "Appellate Court").[2]  Plaintiffs filed their opening brief with the

13   Appellate Court on February 8, 2008.  Plaintiffs' appeal has been fully briefed.

14      I.     During the pendency of Plaintiffs' appeal, the Parties began discussing a

15   possible resolution of the Action.  The Parties conducted a formal mediation before the

16   Honorable Nicholas H. Politan (Ret.) on November 18, 2008, resulting in an agreement

17   in principle to settle the Action for $11,250,000 in cash.

18      J.     Following their agreement in principle, the Parties negotiated and executed

19   a Memorandum of Understanding ("MOU"), outlining the general terms of their

20   proposed settlement on December 10, 2008.

21      K.     Defendants have denied and continue to deny each and all of the claims and

22   contentions alleged by Plaintiffs in the Action.  Defendants expressly have denied and

23   continue to deny all charges of wrongdoing or liability against them or any of them

24   arising out of any of the conduct, statements, acts or omissions alleged, or that could have

25

26   [2]  Bruce Freyman and Oleg Khaykin, who both served as the Company's Chief Operating
     Officer at certain times during the Class Period, were also named as defendants in the
27   Complaint; however, Plaintiffs did not appeal the Court's dismissal with respect to these
     defendants.
28

1   been alleged, in the Action.  Nonetheless, Defendants have concluded that further

2   conduct of the Action would be protracted, expensive, and distracting to Amkor and its

3   management.  Defendants have also taken into account the uncertainty and risks inherent

4   in any litigation.  Defendants have, therefore, determined that it is desirable that the

5   Action be fully and finally settled in the manner and upon the terms and conditions set

6   forth in this Stipulation.

7          L.     Co-Lead Counsel have conducted an extensive investigation into the

8   allegations of wrongdoing asserted and the alleged damages suffered by the Class (as

9   defined herein).  Co-Lead Counsel's investigation has included, *inter alia*: (i) review of

10  Amkor's filings with the SEC, as well as regulatory filings and reports; (ii) review of

11  securities analysts' reports and advisories about the Company; (iii) review of press

12  releases, conference calls and other public statements issued by the Company; (iv) review

13  of media reports about the Company; (v) interviews with former Amkor employees; (vi)

14  review of other publicly available information about the Company; and (vii) research of

15  the applicable law with respect to the claims asserted in the Action and the potential

16  defenses thereto.  In connection with the proposed Settlement, Co-Lead Counsel have

17  also conducted informal discovery, including the review of approximately 8,000 pages of

18  documents voluntarily provided by Amkor, and the interviews of two senior officers of

19  Amkor who have personal knowledge of the facts that form the basis for Plaintiffs'

20  claims.

21         M.     Based upon their investigation and informal discovery as set forth above,

22  Co-Lead Counsel have recommended, and the Class Representatives have concluded, that

23  the terms and conditions of this Stipulation are fair, reasonable, and adequate to, and in

24  the best interests of, the Class.  Furthermore, after considering (a) the benefits that Class

25  Members will receive from the Settlement; (b) the attendant risks of further litigation;

26  and (c) the desirability of permitting the Settlement to be consummated as provided by

27  the terms of this Stipulation, Co-Lead Counsel and the Class Representatives have agreed

28

4

1   to settle the claims that were raised or could have been raised in the Action, subject to the

2   terms and provisions of this Stipulation.

3       N.      Notwithstanding the Parties' respective positions about the merits of the

4   Action, the Parties recognize that the Action has been litigated by Plaintiffs and defended

5   by Defendants vigorously and in good faith, that the Action is being voluntarily settled

6   following arm's-length bargaining and upon advice of competent counsel, and that the

7   terms of the Settlement and this Stipulation are fair, reasonable, and adequate to the

8   Class.

9       NOW THEREFORE, without any admission or concession on the part of the Class

10  Representatives of any lack of merit of the Action whatsoever, and without any

11  admission or concession of any liability or wrongdoing or lack of merit in the defenses

12  whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and between

13  the Parties, through their respective counsel, subject to approval of the Court pursuant to

14  Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits

15  flowing to the Parties hereto from the Settlement herein set forth, that the Action and all

16  Released Claims (as defined herein), as against the Released Parties (as defined herein),

17  and all Settled Defendants' Claims (as defined herein) shall be finally and fully

18  compromised, settled and released, and the Action shall be dismissed with prejudice,

19  upon and subject to the following terms and conditions:

20                          **DEFINITIONS**

21      1.      As used in this Stipulation, the following terms shall have the following

22  meanings:

23          (a)     "Authorized Claimant" means a Class Member who submits a timely

24  and valid Proof of Claim and Release form to the Claims Administrator.

25          (b)     "Claims Administrator" means The Garden City Group, Inc.

26  ("GCG"), which shall administer the Settlement.

27          (c)     "Class" or "Class Members" means all persons and entities who

28  purchased the common stock of Amkor from July 26, 2001 to July 26, 2006, inclusive.

5

1  Excluded from the Class are Defendants, the officers and directors of the Company, at all

2  relevant times, members of their immediate families and their legal representatives, heirs,

3  successors or assigns, and any entity in which Defendants and/or any member of their

4  immediate families have or had a controlling interest.  Also excluded from the Class are

5  those persons who timely and validly request to be excluded from the Class pursuant to

6  the Notice to be sent to Class Members.

7         (d)     "Class Distribution Order" has the meaning defined in ¶13 hereof.

8         (e)     "Class Period" means the period of time from July 26, 2001 to July

9  26, 2006, inclusive.

10        (f)     "Co-Lead Counsel" means the law firms of Labaton Sucharow LLP

11  and Barroway Topaz Kessler Meltzer & Check, LLP.

12        (g)     "Co-Lead Plaintiffs" or "Plaintiffs" means State-Boston Retirement

13  System, Scott Bishins, Westmoreland County Employees Retirement System and City of

14  Wilkes Barre.

15        (h)     "Court" means the United States District Court for the District of

16  Arizona.

17        (i)     "Defendants" means Amkor Technology, Inc., James J. Kim,

18  Kenneth T. Joyce, Winston J. Churchill, Thomas D. George and John N. Boruch.

19        (j)     "Defendants' Counsel" means the law firms of Wilson Sonsini

20  Goodrich & Rosati, P.C. and Kutak Rock LLP.

21        (k)     "Effective Date" means the first date by which all of the events and

22  conditions specified in ¶29 herein have been met and have occurred.

23        (l)     "Escrow Agent" means Co-Lead Counsel.

24        (m)     "Final Order and Judgment" means the final order by the Court

25  approving the Settlement substantially in the form attached hereto as Exhibit B.

26        (n)     "Net Settlement Fund" has the meaning defined in ¶6(a) hereof.

27        (o)     "Notice" means the Notice of Pendency of Class Action and

28  Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness

1  Hearing, which is to be sent to members of the Class, substantially in the form attached

2  hereto as Exhibit A(1).

3        (p)   "Person" means an individual, corporation, limited liability

4  corporation or partnership, professional corporation, partnership, limited partnership,

5  association, joint venture, joint stock company, estate, custodian, legal representative,

6  agent, trust, unincorporated association, government or any political subdivision or

7  agency thereof, and any business or legal entity and their/its spouses, heirs, executors,

8  administrators, predecessors, successors, representatives, or assignees.

9        (q)   "Plaintiffs' Counsel" means Co-Lead Counsel and any other counsel

10  representing any plaintiff in the Action.

11        (r)   "Plan of Allocation" means the plan or formula of allocation of the

12  Net Settlement Fund described in the Notice attached hereto as Exhibit A(1).

13        (s)   "Preliminary Approval Order" means the order preliminarily

14  approving the Settlement and directing notice thereof to the Class, substantially in the

15  form attached hereto as Exhibit A.

16        (t)   "Proof of Claim" means the proof of claim form, substantially in the

17  form attached hereto as Exhibit A(2).

18        (u)   "Released Claims" means any and all claims, debts, demands, rights

19  or causes of action or liabilities whatsoever, without regard to the subsequent discovery

20  or existence of such different or additional facts than those currently known by any of the

21  Class Representatives and/or the members of the Class or which could have been

22  determined by them, whether based on federal, state, local, statutory or common law or

23  any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected,

24  accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-

25  matured, whether class or individual in nature, including both known claims and

26  Unknown Claims (as defined below), (i) that have been asserted in this Action by the

27  Class Representatives and/or the members of the Class against any of the Released

28  Parties, or (ii) that could have been asserted in the Action or in any forum by the Class

7

1   Representatives and/or the members of the Class against any of the Released Parties

2   which arise out of or are based upon or relate in any way to the allegations, transactions,

3   facts, matters or occurrences, representations or omissions involved, set forth, or referred

4   to, or which could have been referred to, in the Action and which relate to the purchase of

5   Amkor common stock from July 26, 2001 to July 26, 2006, inclusive.

6          (v)    "Released Parties" means Defendants and the current and former

7   officers, directors, partners, members, parents, subsidiaries, affiliates, employees, agents,

8   attorneys, insurers, representatives, heirs, successors in interest and assigns of any

9   Defendant or released Person.

10         (w)    "Settled Defendants' Claims" means any and all claims, rights or

11  causes of action or liabilities whatsoever, whether based on federal, state, local, statutory

12  or common law or any other law, rule or regulation, including both known claims and

13  Unknown Claims, that have been or could have been asserted in the Action or any forum

14  by the Defendants or any of them or the successors and assigns of any of them against the

15  Class Representatives, any Class Member or their attorneys, which arise out of or relate

16  in any way to the institution, prosecution, or settlement of the Action (except for claims

17  to enforce the Settlement).

18         (x)    "Settlement" means the settlement contemplated by this Stipulation.

19         (y)    "Settlement Fund" means the principal amount of $11,250,000 in

20  cash (the "Settlement Amount"), plus any interest that may accrue thereon as provided

21  herein.

22         (z)    "Summary Notice" means the summary notice of the proposed

23  Settlement and hearing for publication, substantially in the form attached hereto as

24  Exhibit A(3).

25         (aa)   "Unknown Claims" means any and all Released Claims that the

26  Class Representatives and/or any Class Member do not know or suspect to exist in his,

27  her or its favor as of the Effective Date and any Settled Defendants' Claims that any

28  Defendant does not know or suspect to exist in his or its favor as of the Effective Date,

8

which if known by him or it might have affected his or its decision(s) with respect to the

Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims,

the Parties stipulate and agree that upon the Effective Date, the Class Representatives and

Defendants shall expressly waive, and each Class Member shall be deemed to have

waived, and by operation of the Final Order and Judgment shall have expressly waived,

any and all provisions, rights and benefits conferred by any law of any state or territory of

the United States, or principle of common law or otherwise, which is similar,

comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives and Defendants acknowledge, and Class Members by

operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown

Claims" in the definition of Released Claims and Settled Defendants' Claims was

separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to this Stipulation shall be in full and

final disposition of the Action and any and all Released Claims as against all Released

Parties and any and all Settled Defendants' Claims.

3.    Upon the Effective Date of this Settlement, the Class Representatives and

members of the Class, on behalf of themselves and each of their past or present

subsidiaries, affiliates, parents, successors, and predecessors, estates, heirs, executors,

administrators, successors and assigns, and the respective officers, directors,

shareholders, agents, legal representatives, and any Persons they represent, shall, with

respect to each and every Released Claim, release and forever discharge, and shall

forever be enjoined from prosecuting, any Released Claims against any of the Released

Parties.

1        4.     Upon the Effective Date of this Settlement, each of the Defendants, on

2    behalf of themselves and their successors and assigns, shall release and forever discharge

3    each and every of the Settled Defendants' Claims, and shall forever be enjoined from

4    prosecuting the Settled Defendants' Claims.

5        5.     Upon the Effective Date of this Settlement, Plaintiffs shall dismiss their

6    appeal to the United States Court of Appeals for the Ninth Circuit, *State-Boston*

7    *Retirement System et al. v. Amkor Technology, Inc. et al.*, No. 07-16986.

8                      **SETTLEMENT CONSIDERATION**

9        6.     On behalf of the Defendants, the Company shall pay or cause to be paid, in

10   settlement of the claims asserted, or which could have been asserted, in the Action, the

11   sum of eleven million two hundred and fifty thousand dollars ($11,250,000) in cash (the

12   "Settlement Amount") within ten (10) business days after the Court's entry of the

13   Preliminary Approval Order.  When due to be paid, the Settlement Amount will be

14   deposited into an interest-bearing escrow account.

15       (a)    The Settlement Amount, plus interest accrued, shall be referred to as

16   the Settlement Fund.  The Settlement Fund, net of any Taxes (as defined below) on the

17   income thereof, shall be used to pay: (i) the Notice Expenses referred to in ¶10 hereof;

18   (ii) the attorneys' fees and expense award referred to in ¶11 hereof; and (iii) the

19   remaining administration expenses referred to in ¶13 hereof.  The net settlement fund

20   shall be the Settlement Fund minus the amount of the Taxes, the amount of the Notice

21   Expenses and the amount of the attorneys' fees and expense award, as referenced above

22   ("Net Settlement Fund"), and shall be distributed to Authorized Claimants as provided in

23   ¶¶14-17 hereof.  Any sums required to be held in escrow hereunder prior to the Effective

24   Date shall be held by the Escrow Agent.  All funds held by the Escrow Agent shall be

25   deemed to be in the custody of the Court and shall remain subject to the jurisdiction of

26   the Court until such time as the funds shall be distributed to Authorized Claimants or

27   returned to the persons or entities paying the same pursuant to this Stipulation and/or

28   further order of the Court.  The Escrow Agent shall invest any funds in excess of

1  $250,000 in United States Agency or Treasury Securities (or a mutual fund invested
2  solely in such instruments), and shall collect and reinvest all interest accrued thereon.
3  Any funds held in escrow in an amount of less than $250,000 may be held in an interest-
4  bearing bank account insured by the Federal Deposit Insurance Corporation ("FDIC").
5  The Parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement
6  Fund within the meaning of Treasury Regulation §1.468B-1, and that the Escrow Agent,
7  as administrator of the Settlement Fund within the meaning of Treasury Regulation
8  §1.468B-2(k)(3), shall be responsible for causing the filing of tax returns and any other
9  tax reporting for or in respect of the Settlement Fund and paying from the Settlement
10 Fund any Taxes owed with respect to the Settlement Fund.  Defendants agree to
11 reasonably cooperate with the Escrow Agent to provide information available to them
12 that is needed for filing tax returns for the Settlement Fund and will give their consent to
13 the Settlement Fund's filing of any relation back election.
14         (b)     All (i) taxes on the income of the Settlement Fund and (ii) expenses
15 and costs incurred in connection with the taxation of the Settlement Fund (including,
16 without limitation, expenses of tax attorneys and accountants) (collectively, "Taxes")
17 shall be paid out of the Settlement Fund, shall be considered a cost of administration of
18 the Settlement and shall be timely paid by the Escrow Agent without prior order of the
19 Court. The Released Parties shall have no liability or responsibility for the payment of
20 any Taxes. The Escrow Agent shall indemnify and hold the Released Parties harmless
21 for any Taxes (including, without limitation, Taxes payable by reason of any such
22 indemnification).
23         (c)     This is not a "claims made" settlement; following the Effective Date
24 of the Settlement, none of the Settlement Fund shall be returned to the Company and/or
25 such other persons or entities funding the Settlement.
26                        **CLASS CERTIFICATION**
27     7.    The Class shall be certified by stipulation and by Order of the Court for
28 purposes of this Settlement only, with full reservations of rights on all issues, including

11

1  class certification, if the Settlement is not finally approved by the Court. For settlement

2  purposes only, the Defendants shall consent to (i) certification of this Action as a class

3  action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on

4  behalf of the Class as defined herein, and (ii) certification of Class Representatives as the

5  Class Representatives.

6  ## PRELIMINARY APPROVAL

7      8.    (a)    Promptly upon the execution of this Stipulation, the Parties agree to

8  take all steps necessary to re-establish this Court's jurisdiction over this Action for the

9  purposes of Settlement.

10      (b)    Within five (5) business days after the Appellate Court returns

11  jurisdiction over this Action to this Court for the purposes of the Settlement, the Parties

12  shall file the Stipulation and ancillary documents with the Court and apply for entry of

13  the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A,

14  and for the scheduling of a hearing for consideration of final approval of the Settlement

15  and Co-Lead Counsel's application for an award of attorneys' fees and expenses (the

16  "Settlement Fairness Hearing"). The Parties shall use their best efforts to obtain

17  preliminary approval of the Settlement as soon as practicable.

18  ## ADMINISTRATION

19      9.    The Claims Administrator, GCG, shall administer the Settlement under Co-

20  Lead Counsel's supervision and subject to the jurisdiction of the Court. The Released

21  Parties shall have no liability, obligation or responsibility for the administration of the

22  Settlement or disbursement of the Net Settlement Fund, except for the obligation to pay

23  the Settlement Amount, as provided herein, and to provide, without any charge to the

24  Class Representatives or the Class, Amkor's shareholder lists, as it or its transfer agent

25  may possess, as appropriate for providing notice to the Class, in a format designated by

26  the Claims Administrator for mailings, as soon as possible but no later than three (3)

27  calendar days following preliminary approval of the Settlement.

28

12

10.    All reasonable costs and expenses of notice to members of the Class and administration of the Settlement Fund, escrow fees, Taxes, custodial fees and expenses incurred in connection with processing Proofs of Claims or distributing the Net Settlement Fund (the "Notice Expenses"), shall be paid from the Settlement Fund.  Prior to the Effective Date of the Settlement, all Notice Expenses then incurred up to $200,000 (the "Notice Expense Cap") shall be paid from the Settlement Fund without further approval of the Court or the Defendants.  The Court may increase the Notice Expense Cap if, despite the good faith efforts of the Parties to minimize expenses, it appears that Notice Costs prior to the Effective Date will be greater than $200,000.

## ATTORNEYS' FEES AND EXPENSES

11.    Co-Lead Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses which, subject to Court approval, shall be paid from the Settlement Fund.  Such amounts as are awarded by the Court from the Settlement Fund shall be payable immediately after the entry of the Order awarding such fees and expenses, notwithstanding the existence of any timely filed objection, appeal, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of Co-Lead Counsel to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed or for whatever reason the Settlement is terminated pursuant to ¶25 or ¶30 hereof.  Co-Lead Counsel shall have sole discretion in the allocation of attorneys' fees among Plaintiffs' Counsel.

12.    Defendants shall take no position on Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, except as may be requested by the Court.  The procedure for and the allowance or disallowance of any application for attorneys' fees and expenses are not part of the Settlement and are to be considered by the

13

1  Court separately from the Court's consideration of the fairness, reasonableness and

2  adequacy of the Settlement.

3  **CLASS DISTRIBUTION ORDER / ADMINISTRATION EXPENSES**

4        13.    Co-Lead Counsel will apply to the Court, on notice to Defendants'

5  Counsel, for an order (the "Class Distribution Order") approving the Claims

6  Administrator's administrative determinations concerning the acceptance and rejection of

7  the claims submitted herein, and approving any fees and expenses not previously applied

8  for relating to the administration of the Settlement, including the fees and expenses of the

9  Claims Administrator, and, only if the Effective Date has occurred, directing payment of

10  the Net Settlement Fund to Authorized Claimants.

11  **DISTRIBUTION TO AUTHORIZED CLAIMANTS**

12        14.    The allocation of the Settlement Fund among the members of the Class

13  shall be subject to a plan of allocation to be proposed by Co-Lead Counsel and approved

14  by the Court. The Released Parties will take no position with respect to such proposed

15  plan of allocation or such plan as may be approved by the Court and shall have no role or

16  responsibility or liability whatsoever with respect to such plan of allocation. Such plan of

17  allocation is a matter separate and apart from the proposed Settlement between the

18  Parties, and any decision by the Court concerning the plan of allocation shall not affect

19  the validity or finality of the proposed Settlement.

20        15.    No Authorized Claimant shall have any claim against the Class

21  Representatives, Co-Lead Counsel, any Defendant, any of the Released Parties or

22  Defendants' Counsel based on any distribution made in accordance or as contemplated by

23  this Stipulation.

24        16.    The Claims Administrator shall determine each Authorized Claimant's *pro*

25  *rata* share of the Net Settlement Fund based upon each Authorized Claimant's

26  Recognized Claim (as defined in the plan of allocation described in the Notice annexed

27  hereto as Exhibit A(1) (the "Plan of Allocation"), or in such other plan of allocation as

28  the Court approves). Each Authorized Claimant shall be allocated a *pro rata* share of the

1  Net Settlement Fund based on his, her, or its Recognized Claim compared to the total

2  Recognized Claims of all accepted claimants.

3      17.    Co-Lead Counsel shall be responsible for supervising the administration of

4  the Settlement and disbursement of the Net Settlement Fund by the Claims

5  Administrator.  Co-Lead Counsel shall have the right, but not the obligation, to waive

6  what they deem to be formal or technical defects in any Proofs of Claim submitted in the

7  interests of achieving substantial justice.

8      18.    For purposes of determining the extent, if any, to which a Class Member

9  shall be entitled to be treated as an "Authorized Claimant," the following conditions shall

10 apply:

11      (a)    Each Class Member shall be required to submit a Proof of Claim

12 (see Exhibit A(2)), supported by such documents as are designated therein, including

13 proof of the claimant's loss, or such other documents or proof as Co-Lead Counsel, in

14 their discretion, may deem acceptable;

15      (b)    All Proofs of Claim must be submitted by the date specified in the

16 Notice unless such period is extended by Order of the Court.  Any Class Member who

17 fails to submit a Proof of Claim by such date shall be forever barred from receiving any

18 payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted

19 Proof of Claim by such Class Member is approved), but shall in all other respects be

20 bound by all of the terms of this Stipulation and the Settlement including the terms of the

21 Final Order and Judgment to be entered in the Action and the releases provided for

22 herein, and will be barred from bringing any action against the Released Parties

23 concerning the Released Claims.  Provided that it is received before the motion for the

24 Class Distribution Order is filed, a Proof of Claim shall be deemed to have been

25 submitted when posted, if received with a postmark indicated on the envelope and if

26 mailed by first-class mail and addressed in accordance with the instructions thereon.  In

27 all other cases, the Proof of Claim shall be deemed to have been submitted when actually

28 received by the Claims Administrator;

1         (c)    Each Proof of Claim shall be submitted to and reviewed by the

2  Claims Administrator, under the supervision of Co-Lead Counsel, who shall determine in

3  accordance with this Stipulation the extent, if any, to which each claim shall be allowed,

4  subject to review by the Court pursuant to subparagraph (e) below;

5         (d)    Proofs of Claim that do not meet the submission requirements may

6  be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall

7  communicate with claimants in order to remedy the curable deficiencies in the Proofs of

8  Claim submitted.  The Claims Administrator, under supervision of Co-Lead Counsel,

9  shall notify, in a timely fashion, by first class mail and in writing, all claimants whose

10  Proofs of Claim they propose to reject in whole or in part, setting forth the reasons

11  therefor, and shall indicate in such notice that the claimant whose claim is to be rejected

12  has the right to a review by the Court if the claimant so desires and complies with the

13  requirements of subparagraph (e) below;

14         (e)    If any claimant whose claim has been rejected in whole or in part

15  desires to contest such rejection, the claimant must, within twenty (20) calendar days

16  after the date of mailing of the notice required in subparagraph (d) above, serve upon the

17  Claims Administrator a notice and statement of reasons indicating the claimant's grounds

18  for contesting the rejection along with any supporting documentation, and requesting a

19  review thereof by the Court.  If a dispute concerning a claim cannot be otherwise

20  resolved, Co-Lead Counsel shall thereafter present the request for review to the Court;

21  and

22         (f)    The administrative determinations of the Claims Administrator

23  accepting and rejecting claims shall be presented to the Court, on notice to Defendants'

24  Counsel, for approval by the Court in the Class Distribution Order.

25      19.    Each claimant shall be deemed to have submitted to the jurisdiction of the

26  Court with respect to the claimant's claim, and the claim will be subject to investigation

27  and discovery under the Federal Rules of Civil Procedure, provided that such

28  investigation and discovery shall be limited to that claimant's status as a Class Member

16

1 and the validity and amount of the claimant's claim.  No discovery shall be allowed on

2 the merits of the Action or Settlement in connection with processing of the Proofs of

3 Claim.

4       20.    Payment pursuant to this Stipulation shall be deemed final and conclusive

5 against all Class Members.  All Class Members whose claims are not approved by the

6 Court shall be barred from participating in distributions from the Net Settlement Fund,

7 but otherwise shall be bound by all of the terms of this Stipulation and the Settlement,

8 including the terms of the Final Order and Judgment to be entered in the Action and the

9 releases provided for herein, and will be barred from bringing any action against the

10 Released Parties concerning the Released Claims.

11       21.    All proceedings with respect to the administration, processing and

12 determination of claims described by ¶18 of this Stipulation and the determination of all

13 controversies relating thereto, including disputed questions of law and fact with respect to

14 the validity of claims, shall be subject to the jurisdiction of the Court.

15       22.    The Net Settlement Fund shall be distributed to Authorized Claimants by

16 the Claims Administrator only after the Effective Date and after:  (i) all claims have been

17 processed, and all claimants whose claims have been rejected or disallowed, in whole or

18 in part, have been notified and provided the opportunity to be heard concerning such

19 rejection or disallowance; (ii) all objections with respect to all rejected or disallowed

20 claims have been resolved by the Court, and all appeals therefrom have been resolved or

21 the time therefor has expired; and (iii) all costs of administration have been paid.

22 Distribution of the Net Settlement Fund shall not be contingent upon the resolution by the

23 Court of any matters relating to attorneys' fees, costs, and disbursements, nor the appeal

24 of any such resolution.

25       23.    If any funds remain in the Net Settlement Fund by reason of uncashed

26 checks, or otherwise, after the Claims Administrator has made reasonable and diligent

27 efforts to have Authorized Claimants who are entitled to participate in the distribution of

28 the Net Settlement Fund cash their distribution checks, then any balance remaining in the

17

1  Net Settlement Fund six (6) months after the initial distribution of such funds shall be

2  used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to

3  Authorized Claimants or to pay any late, but otherwise valid and fully documented claims

4  received after the cut-off date used to make the initial distribution, which were not

5  previously authorized by the Court to be paid, provided that such distributions to any late

6  post-distribution claimants meet all of the other criteria for inclusion in the initial

7  distribution, including the $10.00 minimum check amount set out in the Notice, (b)

8  second, to pay any additional settlement administration fees and expenses, including

9  those of Co-Lead Counsel as may be approved by the Court, and (c) finally, to make a

10  second distribution to Authorized Claimants who cashed their checks from the initial

11  distribution and who would receive at least $10.00 from such second distribution, after

12  payment of the estimated costs or fees to be incurred in administering the Net Settlement

13  Fund and in making this second distribution, if Co-Lead Counsel determines that such

14  second distribution is economically feasible.

15        24.    If after six (6) months after such second distribution, if undertaken, or if

16  such second distribution is not undertaken, any funds shall remain in the Net Settlement

17  Fund after the Claims Administrator has made reasonable and diligent efforts to have

18  Authorized Claimants who are entitled to participate in this Settlement cash their checks,

19  the Claims Administrator shall donate any funds remaining in the Net Settlement Fund to

20  a 503(c) charity chosen by Co-Lead Counsel and approved by the Company.  In the event

21  that the Company does not approve the 503(c) charity selected by Co-Lead Counsel, Co-

22  Lead Counsel shall either choose another 503(c) charity for the Company's approval, or,

23  alternatively, shall seek the Court's approval.

24                        **SUPPLEMENTAL AGREEMENT**

25        25.    Simultaneously herewith, Co-Lead Counsel and Defendants' Counsel are

26  executing a confidential "Supplemental Agreement."  The Supplemental Agreement will

27  set forth certain conditions under which the Settlement may be terminated by Defendants

28  if members of the Class holding an aggregate number of shares of Amkor common stock

1 exceeding a specified number of shares of Amkor common stock purchased during the

2 Class Period (the "Opt-Out Threshold") timely request exclusion from the Settlement.

3 Unless otherwise directed by the Court, the Supplemental Agreement will not be filed

4 with the Court unless and until a dispute among the Parties concerning its interpretation

5 or application arises.  In the event of a termination of this Settlement pursuant to the

6 Supplemental Agreement, this Stipulation shall become null and void and of no further

7 force and effect, with the exception of the provisions of ¶32 which shall continue to

8 apply.

9 ## RIGHT OF EXCLUSION OR OBJECTION

10     26.    Any Person may seek to be excluded from the Class and the Settlement

11 provided for in this Stipulation by submitting a written request for exclusion ("Request

12 for Exclusion") in conformity with the requirements stated in the Notice (Exhibit A(1)).

13 Any members of the Class so excluded shall not be bound by the terms of the Stipulation,

14 or be entitled to any of its benefits, and shall not be bound by the Final Order and

15 Judgment and/or other order of the Court herein, whether pursuant to this Stipulation or

16 otherwise.

17     27.    Any Class Member who does not exclude himself, herself or itself from the

18 Class and the Settlement shall have the right to submit written objections concerning the

19 Settlement, the Plan of Allocation, and/or Co-Lead Counsel's application for attorneys'

20 fees and expenses, which objections shall state all of the reasons for the objection(s) (*e.g.*,

21 a mere statement that "I object" shall not be deemed sufficient).  All Persons desiring to

22 attend the Settlement Fairness Hearing and be heard as objectors must have filed written

23 objections as provided herein, as a condition of appearing and being heard at such

24 hearing.  Any Class Member who does not timely file written objections to the Settlement

25 pursuant to this paragraph and the Notice shall not be permitted to object to the

26 Settlement at the Settlement Fairness Hearing, and shall be foreclosed from objecting to,

27 challenging or otherwise seeking review of the Settlement by appeal or otherwise, in this

28 Action or in any other action.

28.     To retract or withdraw a Request for Exclusion, a Class Member must file a written notice with the Court stating the Person's desire to retract or withdraw his, her, or its Request for Exclusion and that Person's desire to be bound by any judgment or Settlement in this Action; provided, however, that the filing of such written notice may be effected by Co-Lead Counsel, and Co-Lead Counsel shall promptly notify Defendants' Counsel of any retraction or withdrawal of a Request for Exclusion.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER
## OR TERMINATION

29.     The "Effective Date" of the Settlement shall be the date when all the following conditions of settlement shall have occurred:

(a)     payment of the Settlement Amount in conformity with ¶6 herein;

(b)     entry of the Preliminary Approval Order in all material respects in the form attached hereto as Exhibit A;

(c)     final approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     entry by the Court of a Final Order and Judgment, in all material respects in the form set forth in Exhibit B attached hereto, and the expiration of any time for appeal or review of such Final Order and Judgment, or, if any appeal is filed, after such Final Order and Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters a Final Order and Judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

30.     The Class Representatives and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of any of the

20

1   following: (a) the Court declining to enter the Preliminary Approval Order in any

2   material respect; (b) the Court refusing to approve this Stipulation or any material part of

3   it; (c) the Court declining to enter the Final Order and Judgment in any material respect

4   or entering an Alternative Judgment; (d) the date upon which the Final Order and

5   Judgment is modified or reversed in any material respect by any level of appellate court;

6   or (e) the date upon which an Alternative Judgment is modified or reversed in any

7   material respect by any level of appellate court.  In addition, the Class Representatives

8   shall have the right to terminate the Settlement after thirty (30) days of Defendants'

9   failure to timely deposit the Settlement Amount pursuant to instructions provided by Co-

10  Lead Counsel, and Defendants shall have the right to terminate the Settlement in

11  accordance with ¶25 and the Supplemental Agreement, in accordance with the procedures

12  set forth in the Supplemental Agreement, if the conditions permitting termination

13  thereunder have occurred.

14      31.    Except as otherwise provided herein, in the event the Settlement is

15  terminated or fails to become effective for any reason: (a) the Settlement shall be without

16  prejudice, and none of its terms shall be effective or enforceable; (b) the Settlement

17  Amount (to the extent it has been funded), plus interest, less any reasonable amounts

18  incurred for notice, up to the amount of the Notice Expense Cap, and/or Taxes, shall be

19  returned to the person or entities paying it into the Settlement Fund within ten (10)

20  business days pursuant to each of their written instructions; (c) the Parties shall revert to

21  their respective litigation positions immediately prior to the execution of the MOU; and

22  (d) the fact and terms of the MOU, the Stipulation and this Settlement shall not be

23  admissible in any trial of this Action.

24                    **NO ADMISSION OF WRONGDOING**

25      32.    This Stipulation and all negotiations, statements, and proceedings in

26  connection herewith shall not, in any event, be construed or deemed to be evidence of an

27  admission or concession on the part of the Class Representatives, any Defendant, any of

28  the Released Parties, any member of the Class, or any other Person, of any liability or

1  wrongdoing by them, or any of them, and shall not be offered or received in evidence in

2  any action or proceeding (except an action to enforce this Stipulation and settlement

3  contemplated hereby), or be used in any way as an admission, concession, or evidence of

4  any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be

5  evidence of, an admission or concession that the Class Representatives, any member of

6  the Class, or any other Person, has or has not suffered any damage, except that the

7  Released Parties may file this Stipulation and/or the Judgment in any action that may be

8  brought against them in order to support a defense or counterclaim based on principles of

9  *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction

10  or any other theory of claim preclusion or issue preclusion or similar defense or

11  counterclaim.

12  **MISCELLANEOUS PROVISIONS**

13      33.    All of the exhibits attached hereto are material and integral parts hereof and

14  are hereby incorporated by reference as though fully set forth herein.

15      34.    The Parties intend the Settlement to be a final and complete resolution of

16  all disputes asserted or which could be asserted by the Class Members against the

17  Released Parties with respect to the Released Claims.  Accordingly, the Class

18  Representatives and/or the members of the Class and Defendants agree not to assert in

19  any forum that the Action was brought by Plaintiffs or defended by Defendants in bad

20  faith or without a reasonable basis.  The Parties shall assert no claims of any violation of

21  Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or

22  settlement of the Action, and the Class Representatives, Defendants and their counsel

23  shall not make any applications for fees, costs or sanctions pursuant to Rule 11, Rule 37,

24  Rule 45, or any other court rule or statute with respect to any claims or defenses in this

25  Action or to any aspect of the institution, prosecution or defense of this Action.  The

26  Parties agree that the amount paid and the other terms of the Settlement were negotiated

27  at arm's-length in good faith by the Parties, and reflect a settlement that was reached

28  voluntarily after consultation with experienced legal counsel.

35.     If a case is commenced in respect of any Defendant contributing to the Settlement Fund under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent conveyance, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by any of the other Defendants, then, at the election of Co-Lead Counsel, the Parties shall jointly move the Court to vacate and set aside the releases given and Final Order and Judgment entered in favor of Defendants pursuant to this Stipulation, which releases and Final Order and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the Action as of the date a day prior to the date of the MOU and any cash proceeds in the Settlement Fund shall be returned as provided in ¶31, above.

36.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

37.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

38.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Co-Lead Counsel and enforcing the terms of this Stipulation.

39.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

40.     This Stipulation and its exhibits, and the Supplemental Agreement, constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by or on

23

1 | behalf of any party hereto concerning this Stipulation, its exhibits, and the Supplemental

2 | Agreement other than those contained and memorialized in such documents.

3 | 41.    This Stipulation may be executed in one or more counterparts, including by

4 | signature transmitted by facsimile or electronic mail.  Each counterpart when so executed

5 | shall be deemed to be an original, and all such counterparts together shall constitute the

6 | same instrument.  All counsel and any other Person executing this Stipulation and any of

7 | the exhibits hereto, or any related settlement documents, warrant and represent that they

8 | have the full authority to do so and that they have the authority to take appropriate action

9 | required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

10 | 42.    This Stipulation shall be binding upon, and inure to the benefit of, the

11 | Parties and their respective agents, executors, heirs, successors and assigns.

12 | 43.    The construction, interpretation, operation, effect and validity of this

13 | Stipulation and the Supplemental Agreement and all documents necessary to effectuate

14 | them, shall be governed and construed in accordance with the laws of the State of

15 | Arizona without regard to conflicts of law principles thereof, to the extent that federal

16 | law does not apply.

17 | 44.    This Stipulation shall not be construed more strictly against one party than

18 | another merely by virtue of the fact that it, or any part of it, may have been prepared by

19 | counsel for one of the Parties, it being recognized that it is the result of arm's-length

20 | negotiations between the Parties and all Parties have contributed substantially and

21 | materially to the preparation of this Stipulation.

22 | 45.    Co-Lead Plaintiffs and Defendants agree to cooperate fully with one

23 | another in seeking Court approval of the Preliminary Approval Order, the Stipulation and

24 | the Settlement, and to promptly agree upon and execute all such other documentation as

25 | may be reasonably required to obtain final approval by the Court of the Settlement.

26 | 46.    The Parties and their counsel agree that they will refrain from disparaging

27 | the Settlement or each other with respect to the Action in any press releases or statements

28 | to the media, or in any other communications.

1       47.   The Parties agree that the mediator in this Action, Judge Nicholas Politan

2   (Ret.), shall continue to assist them with any disputes over the terms of the Settlement

3   until such time as the Court grants preliminary approval.

4

5   Dated: May 20, 2009                      **LABATON SUCHAROW LLP**

6

7

                                            Ira Schochet, Esq.

8                                               Christopher J. Keller, Esq.

9                                               Stephen W. Tountas, Esq.

                                            140 Broadway

10                                              New York, NY 10005

11                                            Telephone: (212) 907-0700

                                          Facsimile: (212) 818-0477

12

13                        **BARROWAY TOPAZ KESSLER**
                      **MELTZER & CHECK, LLP**

14

15

16                                        Katharine M. Ryan, Esq.

                                        Benjamin J. Hinerfeld, Esq.

17                                          280 King of Prussia Rd.

18                                            Radnor, PA 19087

                                        Telephone: (610) 667-7706

19                                          Facsimile: (610) 667-7056

20                        *Co-Lead Counsel for the Class*
                      *Representatives and the Class*

21

22                                          Richard Himelrick, Esq.

23                        **TIFFANY & BOSCO, P.A.**
                                      Third Floor Camelback Esplanade II

24                                          2525 East Camelback Road

25                                          Phoenix, AZ 85016

                                        Telephone: (602) 255-6000

26                                          Facsimile: (602) 255-0103

27                        *Liaison Counsel for the Class*
                      *Representatives and the Class*

28

1    47.    The Parties agree that the mediator in this Action, Judge Nicholas Politan

2  (Ret.), shall continue to assist them with any disputes over the terms of the Settlement

3  until such time as the Court grants preliminary approval.

4

5  Dated: May 20, 2009                          **LABATON SUCHAROW LLP**

6

7                                               _____

8                                               Ira Schochet, Esq.
                                                Christopher J. Keller, Esq.
                                                Stephen W. Tountas, Esq.
9                                               140 Broadway
10                                              New York, NY 10005
                                                Telephone: (212) 907-0700
11                                              Facsimile:  (212) 818-0477

12

13                                              **BARROWAY TOPAZ KESSLER
                                                MELTZER & CHECK, LLP**

14

15                                              *Katharine M. Ryan*
                                                Katharine M. Ryan, Esq.

16                                              Benjamin J. Hinerfeld, Esq.
                                                280 King of Prussia Rd.
17                                              Radnor, PA  19087
                                                Telephone: (610) 667-7706
18                                              Facsimile:  (610) 667-7056

19

20                                              *Co-Lead Counsel for the Class
                                                Representatives and the Class*

21

22                                              Richard Himelrick, Esq.
                                                **TIFFANY & BOSCO, P.A.**
23                                              Third Floor Camelback Esplanade II
                                                2525 East Camelback Road
24                                              Phoenix, AZ  85016
                                                Telephone: (602) 255-6000
25                                              Facsimile:  (602) 255-0103

26

27                                              *Liaison Counsel for the Class
                                                Representatives and the Class*

28

                                               25

Dated: May 20, 2009

**WILSON SONSINI GOODRICH & ROSATI PC**

_____

David S. Steuer, Esq. (pro hac vice)
Keith E. Eggleton, Esq. (pro hac vice)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Counsel for Defendants Amkor Technology, Inc., James J. Kim, Kenneth T. Joyce, Winston J. Churchill and Thomas D. George*

David B. Rosenbaum (AZ 00918)
Maureen Beyers (AZ 017134)
**OSBORN MALEDON, P.A.**
2929 North Central Avenue
Phoenix, AZ 85012-2794
Telephone: (602) 640-9000
Facsimile: (602) 664-2053

Dated: May 20, 2009

**KUTAK ROCK LLP**

_____

Paul Gerding, Esq.
Paul S. Gerding, Jr., Esq.
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
Telephone: (480) 429-5000
Facsimile: (480) 429-5001

*Counsel for Defendant John N. Boruch*

26

1 | Dated: May 20, 2009

**WILSON SONSINI GOODRICH
& ROSATI PC**

David S. Steuer, Esq. (pro hac vice)
Keith E. Eggleton, Esq. (pro hac vice)
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

*Counsel for Defendants Amkor
Technology, Inc., James J. Kim, Kenneth
T. Joyce, Winston J. Churchill and
Thomas D. George*

David B. Rosenbaum (AZ 00918)
Maureen Beyers (AZ 017134)
**OSBORN MALEDON, P.A.**
2929 North Central Avenue
Phoenix, AZ  85012-2794
Telephone: (602) 640-9000
Facsimile:  (602) 664-2053

Dated: May 20, 2009

**KUTAK ROCK LLP**

Paul Gerding, Esq.
Paul S. Gerding, Jr., Esq.
8601 North Scottsdale Road
Scottsdale, AZ  85253-2742
Telephone: (480) 429-5000
Facsimile:  (480) 429-5001

*Counsel for Defendant John N. Boruch*

**Exhibit A**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) |
| AMKOR TECHNOLOGY INC. | ) Civil Action No.:  07-CV-278 |
|  | ) Hon. Paul Rosenblatt |
| SECURITIES LITIGATION | ) |
| ———————————————— | ) |
|  | ) |
| This Document Relates To: | ) |
|  | ) |
|    All Actions | ) |
| ———————————————— | ) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**

1    WHEREAS, on May 20, 2009, Co-Lead Plaintiffs State-Boston Retirement

2    System, Scott Bishins, Westmoreland County Employees Retirement System and City of

3    Wilkes Barre (collectively, the "Plaintiffs"), and additional class representatives Albert

4    Hendricks and Glennon Zelch (together with Plaintiffs, the "Class Representatives"), on

5    behalf of the Class (as herein defined), and defendants Amkor Technology, Inc.

6    ("Amkor" or the "Company"), James J. Kim, Kenneth T. Joyce, Winston J. Churchill,

7    Thomas D. George and John N. Boruch (collectively, the "Defendants" and, together

8    with the Class Representatives, the "Parties") in the above-captioned class action (the

9    "Action"), by and through their respective counsel, entered into a Stipulation and

10   Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of

11   the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets

12   forth the terms and conditions for the proposed settlement of the claims alleged in the

13   Second Amended and Consolidated Complaint for Violations of the Federal Securities

14   Laws dated November 21, 2006 (the "Amended Complaint") on the merits and dismissal

15   with prejudice as against Defendants; and

16   WHEREAS, upon consent of the Parties, after review and consideration of the

17   Stipulation filed with the Court and the exhibits annexed thereto, and after due

18   deliberation,

19   IT IS HEREBY ORDERED that:

20   1.    The Court, for purposes of this order (the "Preliminary Approval Order"),

21   adopts all defined terms as set forth in the Stipulation.

22   2.    The Court hereby certifies, for purposes of effectuating this Settlement

23   only, a class pursuant to Federal Rule of Civil Procedure 23 consisting of all persons and

24   entities who purchased the common stock of Amkor from July 26, 2001 to July 26, 2006,

25   inclusive (the "Class").  Excluded from the Class are Defendants, the officers and

26   directors of the Company, at all relevant times, members of their immediate families and

27   their legal representatives, heirs, successors or assigns and any entity in which

28

1   Defendants and/or any member of their immediate families have or had a controlling

2   interest.  Also excluded from the Class are those Persons who timely and validly request

3   to be excluded from the Class pursuant to the Notice of Pendency of Class Action and

4   Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness

5   Hearing (the "Notice") to be sent to the Class.

6          3.     Pursuant to Federal Rule of Civil Procedure 23 and for purposes of

7   settlement only, State-Boston Retirement System, Scott Bishins, Westmoreland County

8   Employees Retirement System, City of Wilkes Barre, Albert Hendricks and Glennon

9   Zelch are appointed as Class Representatives.

10         4.     The Court expressly finds and concludes that the requirements of Federal

11  Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as:  the members of the Class are

12  so numerous that joinder of all Class Members in the class action is impracticable; there

13  are questions of law and fact common to the Class which predominate over any

14  individual questions; the claims of the Class Representatives are typical of the claims of

15  the Class; the Class Representatives and their counsel have fairly and adequately

16  represented and protected the interests of all of the Class Members; and a class action is

17  superior to other available methods for the fair and efficient adjudication of the

18  controversy, considering: the interests of the members of the Class in individually

19  controlling the prosecution of separate actions, the extent and nature of any litigation

20  concerning the controversy already commenced by members of the Class, the desirability

21  or undesirability of continuing the litigation of these claims in this particular forum, and

22  the difficulties likely to be encountered in the management of the class action.

23         5.     Co-Lead Counsel are authorized to act on behalf of the Class with respect

24  to all acts required by, or which may be undertaken pursuant to, the Stipulation or such

25  other acts that are reasonably necessary to consummate the proposed Settlement set forth

26  in the Stipulation.

27

28                                              2

6.     The Court preliminarily approves:  (i) the Settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

7.     The Garden City Group, Inc. ("GCG") is hereby appointed as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as more fully set forth below:

a.     GCG shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose shares of Amkor common stock are held by banks, brokerage firms, or other nominees.  Within fifteen (15) calendar days after the entry of this Order, GCG shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim") to be mailed by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known address appearing in the transfer records maintained by or on behalf of the Company (the "Notice Date").

b.     Within ten (10) calendar days of the Notice Date, Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over the *PR Newswire*.

c.     No later than seven (7) days prior to the Settlement Fairness Hearing, Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

8.     GCG is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

1  obligations with respect to Taxes and any reporting or filings in respect thereof as

2  contemplated by the Stipulation, without further order of the Court.  The Parties and their

3  counsel shall not be liable for any act or omission of GCG.

4          9.      Pursuant to Federal Rule of Civil Procedure 23(e), a hearing (the

5  "Settlement Fairness Hearing") shall be held on _____, 2009, at ____ __.m., in the

6  United States District Court for the District of Arizona, the Honorable Paul Rosenblatt

7  presiding, for the following purposes:

8             a.      to determine whether the Settlement on the terms and conditions

9  provided for in the Stipulation should be approved by the Court as fair, reasonable,

10  adequate to, and in the best interests of the Class;

11             b.      to determine whether the Plan of Allocation for the proceeds of the

12  Settlement should be approved by the Court;

13             c.      to determine whether the Class should be finally certified;

14             d.      to determine whether the Final Order and Judgment should be

15  entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the

16  Defendants with prejudice and extinguishing and releasing all Released Claims (as

17  defined in the Stipulation);

18             e.      to rule on Co-Lead Counsel's application for an award of attorneys'

19  fees and the reimbursement of litigation expenses; and

20             f.      to rule on such other matters as the Court may deem appropriate.

21          10.     The Court reserves the right to adjourn the Settlement Fairness Hearing or

22  any adjournment thereof, including the consideration of the application for attorneys' fees

23  and reimbursement of expenses, without further notice of any kind to Class Members.

24  The Court reserves the right to approve the Settlement at or after the Settlement Fairness

25  Hearing with such modification as may be consented to by the Parties to the Stipulation

26  and without further notice to the Class.

27

28

11.     Pursuant to the Notice, nominees who held or hold Amkor common stock for the beneficial ownership of persons who purchased Amkor common stock during the Class Period shall either:  (i) send the Notice and Proof of Claim to such beneficial owners of such Amkor common stock by first class mail within ten (10) calendar days after receipt thereof; or (ii) send a list of the names and addresses of such beneficial owners to GCG within ten (10) calendar days of receipt thereof, in which event GCG shall promptly mail the Notice and Proof of Claim to such beneficial owners.  GCG shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

12.     The form and content of the Notice, the Proof of Claim, and the Summary Notice, attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13.     Any member of the Class may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and show cause if he, she or it has any reason why the Settlement should not be approved as fair, reasonable and adequate; why a Judgment should not be entered thereon; why the Plan of

Allocation should not be approved; or why the application for attorneys' fees and reimbursement of expenses should not be awarded to Co-Lead Counsel as requested; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms of the Settlement, the Plan of Allocation, the Judgment, or Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses unless, within twenty (20) calendar days prior to the Settlement Fairness Hearing, such Class Member files with the Court and serves upon counsel listed below:  (1) a statement of such Class Member's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Class Member desires to appear and be heard, as well as all documents or writings such Class Member desires the Court to consider; (3) whether that Class Member intends to present any witnesses; and (4) the Class Member's purchases and sales of Amkor common stock made during the Class Period, including the dates and amounts of Amkor common stock purchased or sold, the price(s) paid or received for each such purchase or sale of Amkor common stock, and whether such Class Member continues to hold such Amkor common stock at the time the statement of objection is served.  Such filings shall be served upon the Court and the following counsel:

***Co-Lead Counsel for Plaintiffs
and the Class:***

Ira Schochet, Esq.
Christopher J. Keller, Esq.
Stephen W. Tountas, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005

David Kessler, Esq.
Benjamin J. Hinerfeld, Esq.
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA  19087

1

*Counsel for Defendants Amkor Technology, Inc.,*
*James J. Kim, Kenneth T. Joyce,*
2
*Winston J. Churchill and Thomas D. George:*

3
David S. Steuer, Esq.
Keith Eggleton, Esq.
4
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
5
650 Page Mill Road
Palo Alto, CA 94304-1050
6

*Counsel for Defendant John N. Boruch:*
7

Paul Gerding, Esq.
8
Paul S. Gerding, Jr., Esq.
KUTAK ROCK LLP
9
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742
10

11         14.     Any Person falling within the definition of the Class may, upon request, be

12 excluded from the Class.  Any such Person must submit to GCG a request for exclusion

13 ("Request for Exclusion") at least twenty (20) calendar days prior to the date of the

Settlement Fairness Hearing.  A Request for Exclusion must state:  (1) the name, address,
14
and telephone number of the Person requesting exclusion; (2) the Person's purchases and
15
sales of Amkor common stock made during the Class Period, including the dates and
16
amounts of Amkor common stock purchased or sold, and the price(s) paid or received for
17
each such purchase or sale of Amkor common stock; and (3) the amount or number of
18
shares of Amkor common stock held as of the beginning of the Class Period on July 26,
19
2001; and (4) that the Person wishes to be excluded from the Class.  All Persons who
20
submit valid and timely Requests for Exclusion in the manner set forth in this paragraph
21
and the Notice shall have no rights under the Stipulation, shall not share in the
22
distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the
23
Judgment.
24
          15.     Any Class Member who wishes to participate in the Settlement must submit
25
a valid Proof of Claim to GCG in accordance with the instructions contained therein.
26
Unless the Court orders otherwise, all Proofs of Claim must be postmarked not later than
27
one hundred and twenty (120) calendar days following the Notice Date.  To be valid, a
28

7

1   Proof of Claim must:  (i) be completed in a manner that permits GCG to determine the

2   eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the

3   claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an

4   affirmation that the information is true and correct.  As part of the Proof of Claim, each

5   Class Member shall submit to the jurisdiction of the Court with respect to the claim

6   submitted, and shall (subject to the effectuation of the Settlement reflected in the

7   Stipulation) agree and enter into the release as provided in the Stipulation.  All Class

8   Members who do not submit valid and timely Proofs of Claim shall be forever barred

9   from receiving any payments from the Net Settlement Fund, but shall nevertheless be

10  subject to and bound by the provisions of the Stipulation and the Final Order and

11  Judgment, if entered, whether favorable or unfavorable and whether or not they submit a

12  Proof of Claim, unless such Persons request exclusion from the Class in a timely and

13  proper manner, as provided herein.

14          16.     If this Settlement, including any amendment made in accordance with the

15  Stipulation, is not approved by the Court or shall not become effective for any reason

16  whatsoever, the Settlement (including any modification thereof) made with the consent of

17  the Parties as provided for in the Stipulation, and any actions taken or to be taken in

18  connection therewith (including this Order and any judgment entered herein), shall be

19  terminated and shall become void and of no further force and effect except as set forth in

20  the Stipulation.

21          17.     All proceedings in the Action, other than such proceedings as may be

22  necessary to carry out the terms and conditions of the Settlement, are hereby stayed and

23  suspended until further order of this Court.  Pending final determination of whether the

24  Settlement should be approved, the Class Representatives and all members of the Class

25  are barred and enjoined from commencing, prosecuting, continuing, or asserting any

26  action or any claims against the Released Parties that are or relate in any way to the

27  Released Claims as defined in the Stipulation.

28

8

18.     The Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Class Representatives, any Defendant, any of the Released Parties, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Class Representatives, any member of the Class, or any other Person, has or has not suffered any damage.

19.     Any party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, shall file with the Court and serve such submission(s) no later than seven (7) calendar days before the date scheduled for the Settlement Fairness Hearing.

20.     The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

21.     The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the release provided for in the Stipulation.

22.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved.  No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     The Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Co-Lead Counsel and

9

1   such matters will be considered separately from the fairness, reasonableness and

2   adequacy of the Settlement.

3          24.    The Court may, for good cause, extend any of the deadlines set forth in this

4   Order without further notice to Class Members.

5          SIGNED this _____ day of _____ 2009.

6

7                                    _____
                                     **THE HONORABLE PAUL ROSENBLATT**
8                                    **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A(1)**

<u>**EXHIBIT A(1)**</u>

1     UNITED STATES DISTRICT COURT

2          DISTRICT OF ARIZONA

3

4     In re:                                    )
                                                )
5     AMKOR TECHNOLOGY INC.                     )    Civil Action No.:  07-CV-278
                                                )    Hon. Paul Rosenblatt
6     SECURITIES LITIGATION                     )
      _____)
7                                               )
8     This Document Relates To:                 )
                                                )
9          All Actions                          )
      _____)
10

11        **NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED**
        **SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND**
12              <u>**SETTLEMENT FAIRNESS HEARING**</u>

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IF YOU PURCHASED THE COMMON STOCK OF AMKOR TECHNOLOGY, INC. ("AMKOR") FROM JULY 26, 2001 TO JULY 26, 2006, INCLUSIVE (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**Securities and Time Period:**  The common stock of Amkor purchased from July 26, 2001 to July 26, 2006, inclusive (the "Class Period").

**Settlement Amount:**  $11,250,000 in cash, plus any interest earned on the Settlement Amount (the "Settlement Fund").  Your recovery from the Settlement Fund will depend on the number of shares of Amkor common stock you purchased from July 26, 2001 to July 26, 2006, inclusive, and the timing of your purchases and any sales of such Amkor common stock.  Depending on the number of eligible shares of Amkor common stock that participate in the Settlement and when those shares were purchased and sold, the estimated average recovery per share of Amkor common stock will be approximately $0.054.  **Please Note: This average is only an estimate, and is before deduction of court-approved fees, costs and expenses.**

**The Lawsuit:**  The Settlement resolves class action litigation against Amkor, James J. Kim, Kenneth T. Joyce, Winston J. Churchill, Thomas D. George and John N. Boruch (collectively, the "Defendants").  Plaintiffs allege that Defendants improperly backdated certain of the Company's stock option grants and made materially false and misleading statements to the public concerning the Company's financial results and accounting for stock options.  Plaintiffs also allege that Defendants disseminated a series of materially false and misleading statements relating to Amkor's profitability, growth and customer demand between July 2003 and October 2004.  Plaintiffs allege that, as a result of Defendants' material misrepresentations, Amkor's stock price traded at artificially inflated levels throughout the Class Period.  *See* Question 2 below for more information.

**Attorneys' Fees and Expenses:**  Court-approved Co-Lead Counsel have litigated this Action on a contingent basis and have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation.  Co-Lead Counsel will apply to the court for attorneys' fees not to exceed 25% of the Settlement Amount and reimbursement of out-of-pocket expenses not to exceed $163,000, plus interest earned on both amounts at the same rate earned on the Settlement Fund, all to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.014.  Please note that this amount is only an estimate.

**Deadlines:**

| | |
|---|---|
| **Submit Proof of Claim:** | **_____, 2009** |
| **Request Exclusion:** | **_____, 2009** |
| **File Objection:** | **_____, 2009** |
| **Court Hearing on Fairness of Settlement:** | **_____, 2009** |

**More Information:**

Claims Administrator:                    Co-Lead Counsel:

The Garden City Group, Inc.          Ira A. Schochet, Esq.
P. O. Box 9355                              Christopher J. Keller, Esq.
Dublin, OH 43017-4255               Stephen W. Tountas, Esq.
(800) 260-5032                             Labaton Sucharow LLP
www.gardencitygroup.com          140 Broadway
                                                       New York, NY  10005
                                                       Telephone: (212) 907-0700

                                                       David Kessler, Esq.
                                                       Benjamin J. Hinerfeld, Esq.
                                                       Barroway Topaz Kessler
                                                       Meltzer & Check, LLP
                                                       280 King of Prussia Road

2

Radnor, PA  19087
Telephone: (610) 667-7706

- Your legal rights are affected whether you act or do not act.  Please read this Notice carefully.

### Statement of Recovery

Plaintiffs estimate that approximately 214,213,474 shares of Amkor common stock were purchased and potentially damaged during the Class Period.  Plaintiffs estimate that if all Class Members make a claim against the Settlement Fund, the average payment to Class Members under the Settlement will be $0.054 per share of Amkor common stock before the deduction of attorneys' fees, costs, and expenses, as approved by the Court.  A Class Member's actual recovery will depend on: (1) the number of claims filed; (2) when Class Members purchased their Amkor common stock during the Class Period; (3) whether Class Members either sold their Amkor common stock during the Class Period, or held their Amkor common stock past the end of the Class Period; (4) administrative costs, including the costs of notice, for the Action; and (5) the amount awarded by the Court for attorneys' fees and expenses.  Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice.  *See* Question 9 for the Plan of Allocation.

### The Circumstances of the Settlement

On September 25, 2007, the United States Court for the District of Arizona (the "District Court") entered an Order granting Defendants' motions to dismiss and dismissing all of Plaintiffs' claims with prejudice.  Plaintiffs subsequently appealed the Court's decision on Defendants' motions to dismiss to the United States Court of Appeals for the Ninth Circuit.  During the pendency of Plaintiffs' appeal, the Parties began discussing a possible resolution of this Action.  The Parties conducted a formal mediation before the Honorable Nicholas H. Politan (Ret.), which resulted in an agreement in

3

principle to settle the Action for $11,250,000 in cash, subject to certain agreed-upon

discovery.  Based on Co-Lead Counsel's findings during discovery, Plaintiffs believe that

the Settlement is fair, reasonable and adequate, particularly in light of the risks of further

litigation.  While Plaintiffs believe that Defendants' motions to dismiss could be reversed

on appeal by the Ninth Circuit and that their claims could be sustained by the District

Court and ultimately result in a verdict for the Class, Plaintiffs recognize that success

against the Defendants is not assured.  Plaintiffs recognize that the benefits of this

Settlement must be compared also to the risk that no recovery would be achieved if the

Ninth Circuit denies their appeal.  Even if Plaintiffs' appeal was successful, Plaintiffs

recognize the risk that no recovery might be achieved after a contested trial and likely

appeals, possibly years into the future.  Plaintiffs also recognize that the claims advanced

by the Class involve numerous complex legal and factual issues, which would require

extensive expert testimony and would add considerably to the expenses and duration of

the litigation.

Defendants have denied and continue to deny each and all charges of wrongdoing

alleged, or that could have been alleged, in this lawsuit.  Among other things, the Parties

disagree about (i) whether the Plaintiffs or the Class have suffered damages, (ii) whether

the price of Amkor common stock was artificially inflated by reason of the alleged

misrepresentations, omissions, or otherwise, and (iii) whether the Plaintiffs or the Class

were harmed by the conduct alleged in the Second Amended and Consolidated Complaint

for Violations of the Federal Securities Laws.  Even after an extensive investigation,

questions remain regarding the extent of Defendants' liability and the extent to which a

jury might find them liable, if at all.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

4

| | |
|---|---|
| 1 | **SUBMIT A CLAIM FORM**......The only way to receive a payment from the |
| 2 | Settlement Fund.  The deadline for submitting a claim |
| 3 | form is _____, 2009. |
| 4 | **EXCLUDE YOURSELF**.........Receive no payment from the Settlement Fund.  This is |
| 5 | the only option that allows you to participate in |
| 6 | another lawsuit against the Defendants or the Released |
| 7 | Parties (as defined below) concerning the Released |
| 8 | Claims (as defined below).  The deadline for filing a |
| 9 | request to exclude yourself from the Class is _____, |
| 10 | 2009. |
| 11 | **OBJECT**...........................You may write to the Court if you do not like this |
| 12 | Settlement, the Plan of Allocation, or Co-Lead |
| 13 | Counsel's request for attorneys' fees and expenses. |
| 14 | The deadline for filing an objection is _____, 2009. |
| 15 | **GO TO A HEARING**..............You may ask to speak in Court about the fairness of the |
| 16 | Settlement. |
| 17 | **DO NOTHING**......................Receive no payment from the Settlement Fund and |
| 18 | give up your rights with regard to the claims in this |
| 19 | lawsuit. |
| 20 | • These rights and options – and the deadlines to exercise them – are explained in |
| 21 | this Notice.  Please note the date of the Settlement Fairness Hearing – currently |
| 22 | scheduled for _____ __, 2009 – is subject to change without further notice. |
| 23 | If you plan to attend the hearing, you should check the website, |
| 24 | www.gardencitygroup.com, or with Co-Lead Counsel as set forth above to be sure |
| 25 | that no change to the date and time of the hearing has been made. |
| 26 | |
| 27 | |

| | |
|---|---|
| 28 | |

- The Court in charge of this Action still must decide whether to approve the Settlement. Payments will be made to Class members if the Court approves the Settlement and that approval is upheld after any appeals are filed. Please be patient.

**BASIC INFORMATION**        **PAGE**

1. Why did I receive this Notice package? ..............................................

2. What is this lawsuit about? ..............................................

3. Why is this Action a class action? ..............................................

4. Why is there a settlement? ..............................................

5. How do I know if I am part of the Settlement? ..............................................

6. What are the exceptions to being included? ..............................................

7. I am still not sure if I am included? ..............................................

8. What does the Settlement provide? ..............................................

9. How much will my payment be? ..............................................

10. How will I receive a payment? ..............................................

11. When will I receive my payment? ..............................................

12. What am I giving up by staying in the Class? ..............................................

13. How do I exclude myself from the Settlement? ..............................................

14. If I do not exclude myself, can I sue the Defendants for the same thing later? ..

15. If I exclude myself, can I receive a payment from this Settlement? ....................

16. Do I have a lawyer in this case? ..............................................

17. How will the lawyers be paid? ..............................................

18. How do I tell the Court that I do not like the Settlement? ....................................

19. What is the difference between objecting and excluding? ....................................

20. When and where will the Court decide whether to approve the Settlement? .....

21. Do I have to come to the Settlement Fairness Hearing? ........................................

**22. May I speak at the Settlement Fairness Hearing? .................................................**

**23. What happens if I do nothing at all? ..................................................................**

**24. Are there more details about the Settlement? ....................................................**

**Special Notice to Securities Brokers and other Nominees ........................................**

**BASIC INFORMATION**

**1.      Why Did I Receive This Notice Package?**

You or someone in your family may have purchased the common stock of Amkor from July 26, 2001 to July 26, 2006, inclusive.

If this description applies to you, you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement and Plan of Allocation.  If the Court approves the Settlement and Plan of Allocation and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.  Distribution of the Net Settlement Fund (as defined in Question 8 below) shall not be contingent upon the resolution by the Court of any matters relating to attorneys' fees, costs, and disbursements, nor the appeal of any such resolution.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.      What Is This Lawsuit About?**

On and after January 23, 2006, three securities class actions were filed in the United States District Court for the Eastern District of Pennsylvania against Amkor and certain of the Company's present and former officers and directors.  These actions were consolidated by Order dated May 23, 2006.  By the same Order, the District Court for the Eastern District of Pennsylvania appointed the State-Boston Retirement System, Scott Bishins, Westmoreland County Employees Retirement System and City of Wilkes Barre as Co-Lead Plaintiffs and appointed their choice of counsel, Labaton Sucharow LLP and

7

1   Barroway Topaz Kessler Meltzer & Check, LLP, as co-lead counsel ("Co-Lead

2   Counsel") for the Class.[1]

3          On August 14, 2006, Plaintiffs filed the Amended and Consolidated Complaint for

4   Violations of the Federal Securities Laws (the "Complaint"), asserting claims under

5   Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5

6   promulgated thereunder by the United States Securities and Exchange Commission

7   ("SEC"), against Defendants.  On November 21, 2006, pursuant to a stipulation which

8   explicitly contemplated the filing of a second amended complaint, Plaintiffs filed the

9   Second Amended and Consolidated Complaint for Violations of the Federal Securities

10  Laws (the "Amended Complaint"), which incorporated allegations concerning the

11  Company's restatement of its financials between 1998 and 2006 and the findings of an

12  internal investigation by Amkor into the Company's historical stock option granting

13  practices.

14         The Amended Complaint alleged, among other things, that during the Class

15  Period, Defendants improperly backdated certain of the Company's stock option grants

16  and made materially false and misleading statements to the public concerning the

17  Company's financial results and accounting for stock options.  Plaintiffs further alleged

18  that, as a direct result of Defendants' improper stock option practices, the financial

19  statements that Amkor filed during the Class Period materially overstated the Company's

20  reported net income and materially understated the Company's reported compensation

21  expense.  On October 6, 2006, Amkor restated its previously reported financial results for

22  every fiscal quarter between 1998 and 2006, resulting in a $106 million downward

23  adjustment to Amkor's aggregate net income due to Defendants' improper stock option

24

25  [1]  At the time Co-Lead Counsel was appointed, Labaton Sucharow LLP was known as

26  Labaton Sucharow & Rudoff LLP and Barroway Topaz Kessler Meltzer & Check, LLP
    was known as Schiffrin & Barroway, LLP.

27

28                                              8

1   practices.  Plaintiffs also alleged that Defendants disseminated a series of false and

2   misleading statements concerning Amkor's profitability, growth and customer demand

3   between July 2003 and October 2004.  Plaintiffs alleged that these material

4   misrepresentations concealed, among other things, Amkor's weakening customer

5   demand, which rendered without any basis Defendants' statements as to Amkor's then-

6   current financial condition and future earnings guidance.  Plaintiffs alleged that, as a

7   result of Defendants' material misrepresentations, Amkor's stock price traded at

8   artificially inflated levels throughout the Class Period.

9          On December 28, 2006, the District Court for the Eastern District of Pennsylvania

10  entered an Order granting Defendants' motion to transfer venue to the United States

11  District Court for the District of Arizona.  On February 7, 2007, this Action was

12  transferred to the District Court of Arizona.

13         On February 23, 2007, Defendants moved to dismiss the Amended Complaint.

14  Defendants argued that the Amended Complaint failed to meet the heightened pleading

15  requirements of the Private Securities Litigation Reform Act of 1995 (the "Reform Act").

16  On the stock option claim, Defendants argued that Plaintiffs failed to establish loss

17  causation, because they did not allege corrective disclosures and/or subsequent stock

18  price drops.  Defendants also argued that Plaintiffs failed to plead facts with particularity

19  giving rise to a strong inference of scienter, the required state of mind for a securities

20  claim.  On the forecasting claim, Defendants argued that Plaintiffs failed to allege that the

21  statements were false when made or made with the requisite intent.  In addition,

22  Defendants argued that some of the statements were protected forward-looking

23  statements under the Reform Act, or were non-actionable "puffery."

24         After further briefing by both sides, the District Court dismissed the Amended

25  Complaint with prejudice on September 25, 2007, and entered judgment in favor of

26  Defendants on October 2, 2007.  On October 23, 2007, Plaintiffs timely filed their appeal

27

28                                                          9

of the Court's decision on Defendants' motions to dismiss to the United States Court of Appeals for the Ninth Circuit (the "Appellate Court"). Plaintiffs' appeal has been fully briefed.

During the pendency of Plaintiffs' appeal, the Parties began discussing a possible resolution of the Action. These negotiations, which included a formal mediation before the Honorable Nicholas H. Politan (Ret.), resulted in an agreement in principle to settle the Action for $11,250,000 in cash, subject to certain agreed-upon discovery. Thereafter, the Parties negotiated and executed a Memorandum of Understanding outlining the general terms of their proposed settlement on December 10, 2008. Based on Co-Lead Counsel's findings during discovery, Plaintiffs believe that the Settlement is fair, reasonable and adequate. Thereafter, the Parties negotiated and executed a Stipulation and Agreement of Settlement on May 20, 2009 (the "Stipulation").

### 3. Why Is This Action a Class Action?

In a class action, one or more people called class representatives (in this case the court-appointed Co-Lead Plaintiffs State-Boston Retirement System, Scott Bishins, Westmoreland County Employees Retirement System, City of Wilkes Barre and additional class representatives Albert Hendricks and Glennon Zelch) sue on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a Class, or individually as Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement. The United States District Court for the District of Arizona, the Honorable Paul G. Rosenblatt, is in charge of this class action. The case is known as *In re Amkor Technology, Inc. Securities Litigation*, Civil Action No. 07-CV-278.

### 4. Why Is There a Settlement?

In order to avoid the cost and risks of further litigation, including Plaintiffs' pending appeal to the Ninth Circuit, and trial, the Parties agreed to a settlement. As explained above, Plaintiffs and their attorneys believe the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

### 5. How Do I Know if I Am Part of the Settlement?

The Class includes all persons and entities who purchased the common stock of Amkor from July 26, 2001 to July 26, 2006, inclusive, except those persons and entities that are excluded, as described below.

### 6. What Are the Exceptions to Being Included?

Excluded from the Class are: Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants and/or any member of their immediate families have or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth herein.

If you sold shares of Amkor common stock from July 26, 2001 to July 26, 2006, inclusive, that alone does not make you a Class Member. You are a Class Member only if you **purchased** Amkor common stock from July 26, 2001 to July 26, 2006, inclusive.

If one of your mutual funds purchased or owns the common stock of Amkor, that alone does not make you a Class Member.

11

**7.      I Am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator, The Garden City Group, Inc., at 1-800-260-5032, or visit their website at www.gardencitygroup.com, for more information.  Or you can fill out and return the claim form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

**8.      What Does the Settlement Provide?**

Defendants have agreed to create a $11,250,000 cash Settlement Fund.  The balance of this fund, after payment of court-approved attorneys' fees and expenses, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund"), will be divided among all Class Members who submit timely and valid claim forms.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

**9.      How Much Will My Payment Be?**

The proposed Plan of Allocation provides for distribution of the Net Settlement Fund to Authorized Claimants as follows:

Each person or entity claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant.  If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members submit, the amount of Amkor common stock you purchased during the Class Period, and when you bought and sold your Amkor common stock.  By following the Plan of Allocation described herein, you can calculate your "Recognized

1    Claim." The Claims Administrator will distribute the Net Settlement Fund according to

2    the Plan of Allocation after the deadline for submission of Proofs of Claim has passed.

3    All Proofs of Claim must be postmarked by _____, 2009, addressed as

4    follows:

5    ***In re Amkor Technology, Inc.  Securities Litigation***

6    **c/o The Garden City Group, Inc.**

7    **Claims Administrator**

8    **P.O. Box 9355**

9    **Dublin, OH 43017-4255**

10   Unless otherwise ordered by the Court, any Class Member who fails to submit a

11   properly completed and signed Proof of Claim within such period, or such other period as

12   may be ordered by the Court, shall be forever barred from receiving any payments

13   pursuant to the Stipulation, but will in all other respects be bound by the Settlement and

14   by the Final Order and Judgment entered by the Court dismissing this case.

15   The date of purchase or sale is the "contract" or "trade" date and not the

16   "settlement" date.  All profits will be subtracted from all losses to determine the net

17   Recognized Claim of each Class Member.  For Class Members who held shares of

18   Amkor common stock at the beginning of the Class Period or made multiple purchases or

19   sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to

20   such holdings, purchases and sales for purposes of calculating a Recognized Claim.

21   Under the FIFO method, sales during the Class Period will be matched, in chronological

22   order, first against your holdings at the beginning of the Class Period and thereafter, in

23   chronological order, against subsequent purchases during the Class Period.

24   **THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM**

25   The Net Settlement Fund will be distributed to Authorized Claimants who submit

26   timely Proofs of Claim under the Plan of Allocation described below.

27

28

13

1  The Claims Administrator shall determine each Authorized Claimant's *pro rata*

2  share of the Net Settlement Fund based upon each Authorized Claimant's Recognized

3  Claim, as defined below.  The Recognized Claim formula is not intended to be an

4  estimate of the amount that a Class Member might have been able to recover after a trial,

5  nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to

6  the Settlement.  The Recognized Claim formula is the basis upon which the Net

7  Settlement Fund will be proportionately allocated to the Authorized Claimants.  Payment

8  in this manner shall be deemed conclusive against all Authorized Claimants.  No

9  distribution will be made on a claim where the potential distribution amount is $10.00 or

10  less in cash.

11  Recognized Claims are based on the daily per share amounts of artificial inflation

12  present in Amkor's stock price, adjusted for the strength of Plaintiffs' claims as

13  recommended by Co-Lead Counsel, set forth in Table A and shall be calculated as

14  follows:

15  I.  For shares of Amkor common stock purchased on or after July 26, 2001

16  through April 26, 2004 and:

17  (a)  Sold on or before April 26, 2004, the Recognized Claim per

18  share is $0. This determination was made because the

19  purchase and the sale occurred before any adverse

20  information was publicly disclosed.  Thus, any losses that

21  Class Members may have suffered with respect to shares of

22  Amkor common stock that were purchased from July 26,

23  2001 through April 26, 2004, that were sold on or before

24  April 26, 2004, were not related to the alleged misstatements

25  or omissions and are not compensable through an action for

26  violation of the securities laws;

27

28

14

      (b)     Sold on or after April 27, 2004 but before the close of business on July 26, 2006, the Recognized Claim per share is the lesser of:

        a.     The purchase price minus the sale price, and

        b.     The Alleged Inflation amount on the date of purchase indicated in Table A minus the Alleged Inflation amount on the date of sale indicated in Table A;

      (c)     Still held as of the close of business on July 26, 2006, the Recognized Claim per share is the lesser of:

        a.     The purchase price minus the statutory 90-day lookback price ("Statutory Price") on July 26, 2006 of $5.89,[2] and

        b.     The Alleged Inflation amount on the date of purchase indicated in Table A.

II. For shares of Amkor common stock purchased on or after April 27, 2004 through June 30, 2004 and:

      (a)     Sold on or before June 30, 2004, the Recognized Claim per share is $0. This determination was made because the purchase and the sale occurred before any adverse information was publicly disclosed.  Thus, any losses that Class Members may have suffered with respect to shares of Amkor common stock that were purchased from April 27, 2004 through June 30, 2004, that were sold on or before June 30, 2004, were not related to the alleged misstatements

---

[2] This amount, $5.89, is the mean (average) closing price of Amkor common stock during the 90-day period beginning on July 27, 2006 and ending on October 24, 2006, the 90-day look-back period required by the Reform Act.

1 | or omissions and are not compensable through an action for

2 | violation of the securities laws;

3 | (b) Sold on or after July 1, 2004 but before the close of business on

4 | July 26, 2006, the Recognized Claim per share is the lesser of:

5 | a. The purchase price minus the sale price, and

6 | b. The Alleged Inflation amount on the date of purchase

7 | indicated in Table A minus the Alleged Inflation

8 | amount on the date of sale indicated in Table A;

9 | (c) Still held as of the close of business on July 26, 2006, the

10 | Recognized Claim per share is the lesser of:

11 | a. The purchase price minus the Statutory Price of $5.89,

12 | and

13 | b. The Alleged Inflation amount on the date of purchase

14 | indicated in Table A.

15 | III. For shares of Amkor common stock purchased on or after July 1, 2004 through

16 | July 27, 2004 and:

17 | (a) Sold on or before July 27, 2004, the Recognized Claim per

18 | share is $0. This determination was made because the

19 | purchase and the sale occurred before any adverse

20 | information was publicly disclosed.  Thus, any losses that

21 | Class Members may have suffered with respect to shares of

22 | Amkor common stock that were purchased from July 1,

23 | 2004 through July 27, 2004, that were sold on or before July

24 | 27, 2004, were not related to the alleged misstatements or

25 | omissions and are not compensable through an action for

26 | violation of the securities laws;

27 |

28 |

   (b)  Sold on or after July 28, 2004 but before the close of business on July 26, 2006, the Recognized Claim per share is the lesser of:

     a.  The purchase price minus the sale price, and

     b.  The Alleged Inflation amount on the date of purchase indicated in Table A minus the Alleged Inflation amount on the date of sale indicated in Table A;

   (c)  Still held as of the close of business on July 26, 2006, the Recognized Claim per share is the lesser of:

     a.  The purchase price minus the Statutory Price of $5.89, and

     b.  The Alleged Inflation amount on the date of purchase indicated in Table A.

IV. For shares of Amkor common stock purchased on or after July 28, 2004 through July 26, 2006 and:

   (a)  Sold on or before July 26, 2006, the Recognized Claim per share is $0. This determination was made because the purchase and the sale occurred before any adverse information was publicly disclosed.  Thus, any losses that Class Members may have suffered with respect to shares of Amkor common stock that were purchased from July 28, 2004 through July 26, 2006, that were sold on or before July 26, 2006, were not related to the alleged misstatements or omissions and are not compensable through an action for violation of the securities laws;

   (b)  Still held as of the close of business on July 26, 2006, the Recognized Claim per share is the lesser of:

17

a. The purchase price minus the Statutory Price of $5.89, and

b. The Alleged Inflation amount on the date of purchase indicated in Table A.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member, without further notice to the Class.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds. Each Authorized Claimant is deemed to have submitted to the jurisdiction of the Court with respect to the Authorized Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Authorized Claimant's status as a Class Member and the validity and amount of that Authorized Claimant's claim. No discovery shall be allowed on the merits of the Action.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Final Order and Judgment to be entered in the Action and will be barred from bringing any Released Claim against any Released Parties, including Unknown Claims (as those terms are defined below and in the Proof of Claim enclosed with this Notice and in the Stipulation, which is available on the Internet at www.gardencitygroup.com, or through the mail upon request).

18

**HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM**

**10.      How Will I Receive a Payment?**

To qualify for payment, you must be an eligible Class Member and you must submit a Proof of Claim.  A Proof of Claim is enclosed with this Notice.  Please read the instructions carefully, fill out the form, include all the documents the form requests, sign it, and mail it in an envelope postmarked no later than _____, 2009.  Retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

**11.      When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2009, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years.  In addition, the Claims Administrator must process all of the Proofs of Claim.  The processing is complicated and will take many months.  Please be patient.

**12.      What Am I Giving Up By Staying in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties about the Released Claims.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Defendants.  The terms of the release are defined below and are included in the Proof of Claim that is enclosed:

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, without regard to the subsequent discovery or existence of such different or additional facts than those currently known by any of the Class Representatives and/or the members of the Class or which could have been determined by them, whether based on federal, state, local, statutory or common law or any other

law, rule or regulation, whether fixed or contingent, suspected or unsuspected, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in the Stipulation and in the Proof of Claim), (i) that have been asserted in this Action by the Class Representatives and/or the members of the Class against any of the Released Parties, or (ii) that could have been asserted in the Action or in any forum by the Class Representatives and/or the members of the Class against any of the Released Parties which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to, or which could have been referred to, in the Action and which relate to the purchase of Amkor common stock from July 26, 2001 to July 26, 2006, inclusive.

"Released Parties" means Defendants and the current and former officers, directors, partners, members, parents, subsidiaries, affiliates, employees, agents, attorneys, insurers, representatives, heirs, successors in interest and assigns of any Defendant or released Person.

The "Effective Date" will occur when an order entered by the Court approving the settlement becomes final and not subject to appeal.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants or the Released Parties on your own about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement.  This is sometimes referred to as "opting out" of the Class.

### 13.    How Do I Exclude Myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *In re Amkor Technology, Inc. Securities Litigation*, Civil Action No. 07-CV-278.  You must include your name,

1   address, telephone number, your signature, and information concerning your purchase(s)

2   and sale(s) of Amkor common stock during the Class Period, including the number of

3   shares of Amkor common stock and the dates of each purchase and sale of Amkor

4   common stock.  You must mail your exclusion request postmarked no later than

5   _____, 2009 to:

6                     ***In re Amkor Technology, Inc. Securities Litigation***

7                                   **EXCLUSIONS**

8                         **c/o The Garden City Group, Inc.**

9                              **Claims Administrator**

10                                **P.O. Box 9355**

11                           **Dublin, OH 43017-4255**

12          * Please keep a copy of everything you send by mail, in case it is lost or destroyed

13   during shipping.

14          You cannot exclude yourself over the phone or by e-mail.  If you ask to be

15   excluded from the Settlement, you are not eligible to receive any payment from the Net

16   Settlement Fund, and you cannot object to the Settlement.  You will not be legally bound

17   by anything that happens in this lawsuit and you will be able to pursue the claims that are

18   being released in this Settlement.

19          **14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same**

20                  **Thing Later?**

21          No.  Unless you exclude yourself, you give up any right to sue the Defendants or

22   the Released Parties for the claims being released by this Settlement.  If you have a

23   pending lawsuit relating to the claims being released in this Action against any of the

24   Defendants or the Released Parties, speak to your lawyer in that case immediately.

25   Remember, the exclusion deadline is _____, 2009.

26

27

28                                        21

1    **15.    If I Exclude Myself, Can I Receive a Payment from This Settlement?**

2    No.  If you exclude yourself, do not send in a claim form.  But, you may sue,

3  continue to sue, or be part of a different lawsuit asserting the claims being released in this

4  Settlement against the Defendants or the Released Parties.

5                          **THE LAWYERS REPRESENTING YOU**

6    **16.    Do I Have a Lawyer in This Case?**

7    The Court appointed the law firms of Labaton Sucharow LLP and Barroway

8  Topaz Kessler Meltzer & Check, LLP to represent you and the other Class Members.

9  These lawyers are called Co-Lead Counsel.  You will not be separately charged for these

10  lawyers.  If you want to be represented by your own lawyer, you may hire one at your

11  own expense.

12    **17.    How Will the Lawyers Be Paid?**

13    Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 25% of

14  the Settlement Amount and for reimbursement of their out-of-pocket expenses advanced

15  in connection with the Action up to $163,000, plus interest on both amounts at the same

16  rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will

17  be paid from the Settlement Fund.  Class Members are not personally liable for any such

18  fees or expenses.

19    The attorneys' fees and expenses requested will be the only payment to Co-Lead

20  Counsel for their efforts in achieving this Settlement and for their risk in undertaking this

21  representation on a wholly contingent basis.  To date, Co-Lead Counsel have not been

22  paid for their services for conducting this Action on behalf of Plaintiffs and the Class, nor

23  for their substantial out-of-pocket expenses.  The fee requested will compensate Co-Lead

24  Counsel for their work in achieving the Settlement Fund and is well within the range of

25  fees awarded to class counsel under similar circumstances in other cases of this type.  The

26  Court may, however, award less than this amount.

27

28                                    22

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.     How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it.  To object, you must send a letter saying that you object to the Settlement in *In re Amkor Technology, Inc. Securities Litigation*, Civil Action No. 07-CV-278 and the reasons why you object to the Settlement.  Be sure to include your name, address, telephone number and your signature.  You must also include information concerning your purchase(s) and sale(s) of Amkor common stock during the Class Period, including the number of shares of Amkor common stock and the dates of each purchase and sale of Amkor common stock.  Your objection to the Settlement must be filed with the Court and served on all of the following on or before _____, 2009:

| COURT | CO-LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Arizona<br>Sandra Day O'Connor<br>U.S. Courthouse<br>401 West Washington St.<br>Phoenix, AZ  85003-2156 | Ira A. Schochet, Esq.<br>LABATON<br>SUCHAROW LLP<br>140 Broadway<br>New York, NY  10005<br><br>David Kessler, Esq.<br>BARROWAY TOPAZ<br>KESSLER MELTZER &<br>CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Keith Eggleton, Esq.<br>WILSON SONSINI<br>GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA  94304-1050<br><br>Paul S. Gerding, Jr., Esq.<br>KUTAK ROCK LLP<br>8601 North Scottsdale Road<br>Scottsdale, AZ  85253-2742 |

**19.     What is the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that

23

you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

**20.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _:__ _.m., on _____, 2009, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ  85003-2156, Courtroom __.  At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them. The Court will listen to people who have requested in writing on or before _____, 2009, to speak at the hearing.  The Court may also consider Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses.

**21.     Do I Have to Come to the Settlement Fairness Hearing?**

No.  Co-Lead Counsel will answer any questions Judge Rosenblatt may have. But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

**22.     May I Speak at the Settlement Fairness Hearing?**

You may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must send a letter stating your intention to appear in *In re Amkor Technology, Inc. Securities Litigation*, Civil Action No. 07-CV-278.  Be sure to include your name, address, telephone number, your signature, and also identify the date(s), price(s) and amount(s) of all purchases of Amkor common stock you made during the Class Period.  Your notice of intention to appear must be received on or before

_____, 2009, by the Clerk of the Court, Co-Lead Counsel, and Defendants' Counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 23. What Happens if I Do Nothing at All?

If you do nothing, you will receive no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the same claims being released in this Settlement.

## OBTAINING MORE INFORMATION

### 24 Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Stipulation dated May 20, 2009.  All terms used in this Notice shall have the same meanings as in the Stipulation.  You can obtain a copy of the Stipulation or more information about the Settlement by visiting www.gardencitygroup.com or by writing to one of Co-Lead Counsel listed above in Question 18.  You can also obtain a copy of the Agreement from the Clerk's office at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ  85003-2156, during regular business hours.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

**SPECIAL NOTICE TO NOMINEES**

If you purchased the common stock of Amkor from July 26, 2001 to July 26, 2006, inclusive, as nominee for a beneficial owner, then, the Court has ordered that within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the name and addresses of such beneficial owners to the Claims Administrator:

25

*In re Amkor Technology, Inc. Securities Litigation*

**c/o The Garden City Group, Inc.**

**Claims Administrator**

**P.O. Box 9355**

**Dublin, OH 43017-4255**

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:_____, 2009        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF ARIZONA

**Exhibit A(2)**

**EXHIBIT A(2)**

1    UNITED STATES DISTRICT COURT

2    DISTRICT OF ARIZONA

3
                                       )

In re:                             )
4                                       )

5    AMKOR TECHNOLOGY INC.   )  Civil Action No.:  07-CV-278
                                       )  Hon. Paul Rosenblatt
6    SECURITIES LITIGATION    )
   ————————————————————)
7                                      )

This Document Relates To:      )
8                                      )

9      All Actions             )
   ————————————————————)

10

11    **PROOF OF CLAIM AND RELEASE FORM**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      GENERAL INSTRUCTIONS

A.      To recover as a member of the Class based on your claims in the action entitled *In re Amkor Technology, Inc. Securities Litigation*, Civil Action No. 7-CV-278 (the "Action"), you must complete this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a Proof of Claim by the deadline, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

B.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement Fund created in this Action.

C.      YOU MUST MAIL YOUR COMPLETED PROOF OF CLAIM POSTMARKED **ON OR BEFORE** _____, **2009**, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

***In re Amkor Technology, Inc. Securities Litigation***

**c/o The Garden City Group, Inc.**

**Claims Administrator**

**P.O. Box 9355**

**Dublin, OH  43017-4255**

If you are NOT a member of the Class, as defined in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice"), DO NOT submit a Proof of Claim.

D.      If you are a member of the Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II.     INSTRUCTIONS FOR CLAIMANT IDENTIFICATION SCHEDULE

A.      If you purchased the common stock of Amkor Technology, Inc. ("Amkor") from July 26, 2001 to July 26, 2006, inclusive (the "Class"), and held the security(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however,

1  the security(s) was registered in the name of a third party, such as a nominee or brokerage

2  firm, you are the beneficial purchaser and the third party is the record purchaser.

3       B.    Use Part I of this form entitled "Claimant Identification" to identify each

4  purchaser of record ("nominee"), if different from the beneficial purchaser of the Amkor

5  common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY

6  THE ACTUAL BENEFICIAL-PURCHASER(S), OR THE LEGAL

7  REPRESENTATIVE OF SUCH PURCHASER(S) OF THE AMKOR COMMON

8  STOCK UPON WHICH THIS CLAIM IS BASED.

9       C.    All joint purchasers must sign this claim.  Executors, administrators,

10  guardians, conservators and trustees must complete and sign this claim on behalf of

11  persons and/or entities represented by them and their authority must accompany this

12  claim and their titles or capacities must be stated.  The Social Security (or taxpayer

13  identification) number and telephone number of the beneficial purchaser may be used in

14  verifying the claim.  Failure to provide the foregoing information could delay verification

15  of your claim or result in rejection of the claim.

16  **III.    INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS**

17       A.    In the space provided below, supply all required details of your

18  transaction(s) in Amkor common stock.  If you need more space, attach separate sheets

19  giving all of the required information in substantially the same form.  Sign and print or

20  type your name on each additional sheet.

21       B.    Please provide all of the requested information with respect to ***all*** of your

22  purchases and sales of Amkor common stock from July 26, 2001 to July 26, 2006,

23  inclusive, whether such transactions resulted in a profit or a loss.  Failure to report all

24  such transaction may result in the rejection of your claim.

25       C.    List each transaction in the Class Period separately and in chronological

26  order, by trade date, beginning with the earliest.  You must accurately provide the month,

27  day, and year of each transaction you list.

28

1       D.     Broker confirmations or other documentation of your transactions in

2 Amkor common stock should be attached to your claim.  Failure to provide this

3 documentation could delay verification of your claim or result in rejection of your claim.

4       E.     The requests are designed to provide the minimum amount of information

5 necessary to process the most simple claims.  The Claims Administrator may request

6 additional information as required to efficiently and reliably calculate your losses.  In

7 cases where the Claims Administrator cannot perform the calculation accurately or at a

8 reasonable cost to the Class with the information provided, the Claims Administrator may

9 condition acceptance of the claim upon the production of additional information and/or

10 the hiring of an accounting expert at the claimant's cost.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

***In re Amkor Technology, Inc. Securities Litigation***

**Civil Action No.: 07-CV-278**

PROOF OF CLAIM AND RELEASE

**Must be Postmarked No Later Than: _____, 2009**

**<u>Please Type or Print</u>**

**PART I:      <u>CLAIMANT IDENTIFICATION</u>**

Beneficial Owner's Name (First, Middle, Last)

Street Address

| City | State                Postal / Zip Code |
|------|------|
| Foreign Province | Foreign Country |

Social Security Number or Taxpayer Identification Number (if U.S. Citizen / Resident)

| Country / Area Code | Telephone Number                    (work) |
|------|------|
| Country / Area Code | Telephone Number                    (home) |

Record Owner's Name (if different from beneficial owner listed above)
Check One:

| _____ Individual | _____ Corporation |
|------|------|
| _____ Joint Owners | _____ IRA |
| _____ Estate | _____ Other _____ (specify) |

**PART II:      <u>SCHEDULE OF TRANSACTIONS IN AMKOR COMMON STOCK</u>**

    **A.      Beginning Holdings:** Number of shares of Amkor common stock held as of the opening of trading on July 26, 2001: _____. (If none, write 0).

    **B.      Purchases:** Number of shares of Amkor common stock purchased during the period from July 26, 2001 to July 26, 2006, inclusive:

4

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**C.     Sales:  Number** of shares of Amkor common stock sold during the period from July 26, 2001 to July 26, 2006, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

**D.     Unsold Holdings:**  Number of shares of Amkor common stock owned at the close of trading on July 26, 2006: _____. (If none, write 0).

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

If you require additional space, attach extra schedules in the same format as above. Copies of broker's confirmations or other documentation evidencing your transactions in Amkor common stock should be attached.

**PART III:     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS**

1.     I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Arizona with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of

1   enforcing the release set forth herein and any Judgment which may be entered in the

2   Action.  I (We) further acknowledge that I am (we are) bound by and subject to the terms

3   of any Judgment that may be entered in the Action.

4        2.     I (We) agree to furnish additional information to the Claims Administrator

5   to support this claim if required to do so.  I (We) have not submitted any other claim

6   covering the same purchases and/or sales of Amkor common stock listed herein and

7   know of no other person or entity having done so on my (our) behalf.

8   **PART IV:**    **<u>DEFINITIONS AND RELEASE</u>**

9        1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby

10   fully, finally and forever settle, discharge, relinquish and release all "Released Claims"

11   against each and all "Released Parties," including "Unknown Claims," as defined below.

12        (a)     "Released Parties" means Defendants and the current and former officers,

13   directors, partners, members, parents, subsidiaries, affiliates, employees, agents,

14   attorneys, insurers, representatives, heirs, successors in interest and assigns of any

15   Defendant or released Person.

16        (b)     "Released Claims" means any and all claims, debts, demands, rights or

17   causes of action or liabilities whatsoever, without regard to the subsequent discovery or

18   existence of such different or additional facts than those currently known by any of the

19   Class Representatives and/or the members of the Class or which could have been

20   determined by them, whether based on federal, state, local, statutory or common law or

21   any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected,

22   accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-

23   matured, whether class or individual in nature, including both known claims and

24   Unknown Claims (as defined below), (i) that have been asserted in this Action by the

25   Class Representatives and/or the members of the Class against any of the Released

26   Parties, or (ii) that could have been asserted in the Action or in any forum by the Class

27   Representatives and/or the members of the Class against any of the Released Parties

28   which arise out of or are based upon or relate in any way to the allegations, transactions,

facts, matters or occurrences, representations or omissions involved, set forth, or referred to, or which could have been referred to, in the Action and which relate to the purchase of Amkor common stock from July 26, 2001 to July 26, 2006, inclusive.

(c)    "Unknown Claims" means any and all Released Claims that the Class Representatives and/or any Class Member do not know or suspect to exist in his, her or its favor as of the Effective Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor as of the Effective Date, which if known by him or it might have affected his or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Class Representatives and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

2.    This release shall be of no force or effect unless and until the Court gives final approval to the Settlement and the Effective Date occurs.

**PART V:**     **REPRESENTATIONS**

1.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

2.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales transactions in Amkor common stock which occurred during the Class Period and the number of shares of Amkor common stock held by me (us) at the opening of trading on July 26, 2001 and the close of trading on July 26, 2006.

3.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim and Release form was executed this _____ day of _____ in _____.

(month, year)       (City, State, Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ACCURATE CLAIMS PROCESSING TAKES A**

**SIGNIFICANT AMOUNT OF TIME**

**THANK YOU FOR YOUR PATIENCE**

**ACCURATE CLAIMS PROCESSING TAKES A**

**SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Please sign the Certification section of the Proof of Claim and Release on Page _____.

2. If this claim is being made on behalf of joint claimants, both must sign.

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send the Claims Administrator your new address.

**These forms and your supporting documentation must be postmarked no later than _____, 2009.**

**Exhibit A(3)**

**EXHIBIT A(3)**

1    UNITED STATES DISTRICT COURT

2    DISTRICT OF ARIZONA

3

4    In re:                                  )
                                             )
5    AMKOR TECHNOLOGY INC.                   )   Civil Action No.:  07-CV-278
                                             )   Hon. Paul Rosenblatt
6    SECURITIES LITIGATION                   )
     _____ )
7                                            )
     This Document Relates To:               )
8                                            )
                                             )
9        All Actions                         )
     _____ )

10

11   **SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
     OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **TO:   ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON**

2          **STOCK OF AMKOR TECHNOLOGY, INC. FROM JULY 26, 2001 TO**

3          **JULY 26, 2006, INCLUSIVE (THE "CLASS").**

4          YOU ARE HEREBY NOTIFIED that the above-captioned action has been

5 certified as a class action and that a settlement for Eleven Million Two Hundred and Fifty

6 Thousand Dollars ($11,250,000) has been proposed.  A hearing will be held before the

7 Honorable Paul Rosenblatt in the United States District Court for the District of Arizona,

8 Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ

9 85003-2156, Courtroom ___, at ____:_____ __.m., on _____, 2009 to determine

10 whether:  (1) the proposed settlement should be approved by the Court as fair, reasonable

11 and adequate; (2) the Plan of Allocation  should be approved; (3) Co-Lead Counsel's

12 application for an award of attorneys' fees and reimbursement of expenses should be

13 approved; and (4) the claims against Defendants should be dismissed with prejudice.

14          IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR

15 RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE

16 SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency

17 of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and

18 Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release form ("Proof

19 of Claim"), you may obtain copies of these documents by contacting:

20                ***In re Amkor Technology, Inc. Securities Litigation***

21                   **c/o The Garden City Group, Inc.**

22                      **Claims Administrator**

23                         **P.O. Box 9355**

24                    **Dublin, OH  43017-4255**

25                       **(800) 260-5032**

26          Inquiries, other than requests for the forms of the Notice and Proof of Claim, may

27 be made to Co-Lead Counsel:

28

| | | |
|---|---|---|
| 1 | Ira A. Schochet, Esq. | David Kessler, Esq. |
| 2 | Christopher J. Keller, Esq. | Benjamin J. Hinerfeld, Esq. |
| | Stephen W. Tountas, Esq. | Jennifer L. Enck, Esq. |
| 3 | Labaton Sucharow LLP | Barroway Topaz Kessler Meltzer |
| | 140 Broadway | & Check LLP |
| 4 | New York, NY  10005 | 280 King of Prussia Road |
| 5 | | Radnor, PA  19087 |

6    To participate in the Settlement, you must submit a Proof of Claim postmarked no

7  later than _____, 2009.  If you are a member of the Class and do not submit a

8  valid Proof of Claim, you will not share in the settlement but you nevertheless will be

9  bound by the Final Order and Judgment entered by the Court in this litigation.  As more

10  fully described in the Notice, the deadline for submitting objections and requests for

11  exclusion is _____, 2009.

12    Further information may also be obtained by directing your inquiry in writing to

13  the Claims Administrator, The Garden City Group, Inc., at the address listed above.

14                                                                    By Order of the Court

**Exhibit B**

1

## UNITED STATES DISTRICT COURT

2

## DISTRICT OF ARIZONA

3

4

In re:

5

AMKOR TECHNOLOGY INC.

6

SECURITIES LITIGATION

) Civil Action No.:  07-CV-278
) Hon. Paul Rosenblatt

7

8

This Document Relates To:

9

    All Actions

10

## **<u>[PROPOSED] FINAL ORDER AND JUDGMENT</u>**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, a consolidated class action is pending in this Court, captioned *In re*

2  *Amkor Technology, Inc. Securities Litigation*, Civil Action No. 07-CV-278 (the

3  "Action"); and

4    WHEREAS, this matter came before the Court for hearing pursuant to the Order

5  Preliminarily Approving Settlement dated _____, 2009 (the "Preliminary

6  Approval Order"), on the application of the parties for approval of the Settlement set

7  forth in the Stipulation and Agreement of Settlement dated May 20, 2009 (the

8  "Stipulation") entered into by Co-Lead Plaintiffs State-Boston Retirement System, Scott

9  Bishins, Westmoreland County Employees Retirement System and City of Wilkes Barre

10  (the "Plaintiffs"), and additional class representatives Albert Hendricks and Glennon

11  Zelch (together with Plaintiffs, the "Class Representatives"), on behalf of themselves and

12  the Class (as defined in the Preliminary Approval Order), and defendants Amkor

13  Technology, Inc. ("Amkor" or the "Company"), James J. Kim, Kenneth T. Joyce,

14  Winston J. Churchill, Thomas D. George and John N. Boruch (collectively, the

15  "Defendants" and, together with the Class Representatives, the "Parties"), by and through

16  their respective counsel; and

17    WHEREAS, due and adequate notice having been given to the Class, which the

18  Court certified for settlement purposes in the Preliminary Approval Order, and the Court

19  having considered all papers filed and proceedings had herein and otherwise being fully

20  informed and good cause appearing therefor;

21    IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

22    1.    This Final Order and Judgment (the "Judgment") incorporates by reference

23  the definitions in the Stipulation, and all terms used herein shall have the same meanings

24  as set forth in the Stipulation.

25    2.    This Court has jurisdiction over the subject matter of the Action, and over

26  all Parties to the Action, including all members of the Class.

27    3.    The Notice of Pendency of Class Action and Proposed Settlement, Motion

28  for Attorneys' Fees and Expenses and Settlement Fairness Hearing ("Notice") has been

1   given to the Class, pursuant to and in the manner directed by the Preliminary Approval

2   Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel,

3   and a full opportunity has been offered to Class Members to object to the proposed

4   Settlement and to participate in the hearing thereon.  The form and manner of the Notice

5   is hereby determined to have been the best notice practicable under the circumstances and

6   to have been given in full compliance with each of the requirements of Federal Rule of

7   Civil Procedure 23, and it is further determined that all members of the Class are bound

8   by the Judgment herein.

9        4.      The Settlement, and all transactions preparatory or incident thereto, is

10   found to be fair, reasonable, adequate to, and in the best interests of the Class, and it is

11   hereby approved.  The Parties to the Stipulation are hereby authorized and directed to

12   comply with and to consummate the Settlement in accordance with its terms and

13   provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the

14   Action.

15        5.      The Action and all claims included therein, as well as all of the Released

16   Claims (defined in the Stipulation and in Paragraph 8(b) below), are dismissed with

17   prejudice as to the Class Representatives and the other members of the Class, and as

18   against each and all of the Released Parties (defined in the Stipulation and in Paragraph

19   8(a) below).  The Parties are to bear their own costs, except as otherwise provided in the

20   Stipulation.

21        6.      As used in this Judgment, the terms "Released Parties," "Released Claims,"

22   "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as

23   provided in the Stipulation, and specified below:

24        (a)      "Released Parties" means Defendants and the current and former

25   officers, directors, partners, members, parents, subsidiaries, affiliates, employees, agents,

26   attorneys, insurers, representatives, heirs, successors in interest and assigns of any

27   Defendant or released Person.

28

1        (b)     "Released Claims" means any and all claims, debts, demands, rights

2 or causes of action or liabilities whatsoever, without regard to the subsequent discovery

3 or existence of such different or additional facts than those currently known by any of the

4 Class Representatives and/or the members of the Class or which could have been

5 determined by them, whether based on federal, state, local, statutory or common law or

6 any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected,

7 accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-

8 matured, whether class or individual in nature, including both known claims and

9 Unknown Claims (as defined in the Stipulation and below), (i) that have been asserted in

10 this Action by the Class Representatives and/or the members of the Class against any of

11 the Released Parties, or (ii) that could have been asserted in the Action or in any forum

12 by the Class Representatives and/or the members of the Class against any of the Released

13 Parties which arise out of or are based upon or relate in any way to the allegations,

14 transactions, facts, matters or occurrences, representations or omissions involved, set

15 forth, or referred to, or which could have been referred to, in the Action and which relate

16 to the purchase of Amkor common stock from July 26, 2001 to July 26, 2006, inclusive.

17        (c)     "Settled Defendants' Claims" means any and all claims, rights or

18 causes of action or liabilities whatsoever, whether based on federal, state, local, statutory

19 or common law or any other law, rule or regulation, including both known claims and

20 Unknown Claims, that have been or could have been asserted in the Action or any forum

21 by the Defendants or any of them or the successors and assigns of any of them against the

22 Class Representatives, any Class Member or their attorneys, which arise out of or relate

23 in any way to the institution, prosecution, or settlement of the Action (except for claims

24 to enforce the Settlement).

25        (d)     "Unknown Claims" means any and all Released Claims that the

26 Class Representatives and/or any Class Member do not know or suspect to exist in his,

27 her or its favor as of the Effective Date and any Settled Defendants' Claims that any

28 Defendant does not know or suspect to exist in his or its favor as of the Effective Date,

1  which if known by him or it might have affected his or its decision(s) with respect to the

2  Settlement.  With respect to any and all Released Claims and Settled Defendants' Claims,

3  the Parties stipulate and agree that upon the Effective Date, the Class Representatives and

4  Defendants shall expressly waive, and each Class Member shall be deemed to have

5  waived, and by operation of the Final Order and Judgment shall have expressly waived,

6  any and all provisions, rights and benefits conferred by any law of any state or territory of

7  the United States, or principle of common law or otherwise, which is similar,

8  comparable, or equivalent to California Civil Code § 1542, which provides:

9  
10  
11  
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

12  The Class Representatives and Defendants acknowledge, and Class Members by

13  operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown

14  Claims" in the definition of Released Claims and Settled Defendants' Claims was

15  separately bargained for and was a key element of the Settlement.

16      7.      Upon the Effective Date of the Settlement, the Class Representatives and

17  members of the Class, on behalf of themselves and each of their past or present

18  subsidiaries, affiliates, parents, successors, and predecessors, estates, heirs, executors,

19  administrators, successors and assigns, and the respective officers, directors,

20  shareholders, agents, legal representatives, and any Persons they represent, shall, with

21  respect to each and every Released Claim, release and forever discharge, and shall

22  forever be enjoined from prosecuting, any Released Claims against any of the Released

23  Parties.

24      8.      Upon the Effective Date of the Settlement, each of the Defendants, on

25  behalf of themselves and their successors and assigns, shall release and forever discharge

26  each and every of the Settled Defendants' Claims, and shall forever be enjoined from

27  prosecuting the Settled Defendants' Claims.

28

9.     Upon the Effective Date of the Settlement, Plaintiffs shall dismiss their appeal to the United States Court of Appeals for the Ninth Circuit, *State-Boston Retirement System et al. v. Amkor Technology, Inc. et al.*, No. 07-16986.

10.     The Stipulation and all negotiations, statements, and proceedings in connection herewith are not and shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Class Representatives, any Defendant, any of the Released Parties, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and are not and shall not be construed as, or deemed to be evidence of, an admission or concession that the Class Representatives, any member of the Class, or any other Person, has or has not suffered any damage, except that the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

12.     The Court finds that all Parties to the Action and their counsel have complied with each requirement of the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund.  The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties.  All Class

1   Members shall, as of the Effective Date, be bound by the releases set forth herein whether

2   or not they submit a valid and timely Proof of Claim.

3       14.     No Authorized Claimant shall have any claim against Co-Lead Counsel, the

4   Claims Administrator, or other agent designated by Co-Lead Counsel based on the

5   distributions made substantially in accordance with the Settlement and Plan of Allocation

6   as approved by the Court and further orders of the Court.  No Authorized Claimant shall

7   have any claim against the Defendants, Defendants' Counsel, or any of the Released

8   Parties with respect to the investment or distribution of the Net Settlement Fund, the

9   determination, administration, calculation or payment of claims, the administration of the

10  Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation,

11  or the giving of notice to Class Members.

12      15.     Any order approving or modifying the Plan of Allocation set forth in the

13  Notice, or the application for attorneys' fees and expenses shall not disturb or affect the

14  finality of this Judgment, the Stipulation or the Settlement contained therein.

15      16.     Without affecting the finality of this Judgment in any way, the Court

16  reserves exclusive and continuing jurisdiction over the Action, the Class Representatives,

17  the Class, and the Released Parties for the purposes of:  (1) supervising the

18  implementation, enforcement, construction, and interpretation of the Stipulation, the Plan

19  of Allocation, and this Judgment; (2) hearing and determining any application by Co-

20  Lead Counsel for an award of attorneys' fees and expenses if such determination is not

21  made at the final hearing; and (3) supervising the distribution of the Net Settlement Fund.

22      17.     In the event that the Settlement does not become effective in accordance

23  with the terms of the Stipulation or in the event that the Settlement Fund, or any portion

24  thereof, is returned to the Defendants, then this Judgment shall be rendered null and void

25  to the extent provided by and in accordance with the Stipulation and shall be vacated and,

26  in such event, all orders entered and releases delivered in connection herewith shall be

27  null and void to the extent provided by and in accordance with the Stipulation.

28

1      **IT IS SO ORDERED, this _____ day of _____, 2009:**

2

3                                        _____
4                                        **THE HONORABLE PAUL ROSENBLATT**
                                         **UNITED STATES DISTRICT JUDGE**
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28