**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: Amkor Technology Inc. Securities Litigation ) ) ) ) This Document Relates to All Actions. ) ) | No. 07-CV-278-PHX-PGR<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |

On May 20, 2009, Co-Lead Plaintiffs State-Boston Retirement System, Scott Bishins, Westmoreland County Employees Retirement System and City of Wilkes Barre (collectively, the "Plaintiffs"), and additional class representatives Albert Hendricks and Glennon Zelch (together with Plaintiffs, the "Class Representatives"), on behalf of the Class (as herein defined), and defendants Amkor Technology, Inc. ("Amkor" or the "Company"), James J. Kim, Kenneth T. Joyce, Winston J. Churchill, Thomas D. George and John N. Boruch (collectively, the "Defendants" and, together with the Class Representatives, the "Parties") in the above-captioned class action (the "Action"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Amended and Consolidated Complaint for Violations of the Federal Securities Laws dated November 21, 2006 (the "Amended Complaint") on the merits and dismissal with prejudice as against Defendants; and

WHEREAS, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies, for purposes of effectuating this Settlement only, a class pursuant to Federal Rule of Civil Procedure 23 consisting of all persons and entities who purchased the common stock of Amkor from July 26, 2001 to July 26, 2006, inclusive (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants and/or any member of their immediate families have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request to be excluded from the Class pursuant to the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice") to be sent to the Class.

3. Pursuant to Federal Rule of Civil Procedure 23 and for purposes of settlement only, State-Boston Retirement System, Scott Bishins, Westmoreland County Employees Retirement System, City of Wilkes Barre, Albert Hendricks and Glennon Zelch are appointed as Class Representatives.

4. The Court expressly finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Class which predominate over any individual questions; the claims of the Class Representatives are typical of the claims of the Class; the Class Representatives and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests

1 of the members of the Class in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5. Co-Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. The Court preliminarily approves: (I) the Settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

7. The Garden City Group, Inc. ("GCG") is hereby appointed as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as more fully set forth below:

    a. GCG shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose shares of Amkor common stock are held by banks, brokerage firms, or other nominees. Within fifteen (15) calendar days after the entry of this Order, GCG shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim") to be mailed by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known address appearing in the transfer records maintained by or on behalf of the Company (the "Notice Date").

      b.    Within ten (10) calendar days of the Notice Date, Co-Lead Counsel shall cause the Summary Notice to be published once in Investor's Business Daily and once over the PR Newswire.

      c.    No later than seven (7) days prior to the Settlement Fairness Hearing, Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

8.    GCG is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Parties and their counsel shall not be liable for any act or omission of GCG.

9.    Pursuant to Federal Rule of Civil Procedure 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on **Tuesday, September 22, 2009, at 1:30 p.m**, in the United States District Court for the District of Arizona, the Honorable Paul Rosenblatt presiding, for the following purposes:

      a.    to determine whether the Settlement on the terms and conditions provided for in the Stipulation should be approved by the Court as fair, reasonable, adequate to, and in the best interests of the Class;

      b.    to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court;

      c.    to determine whether the Class should be finally certified;

      d.    to determine whether the Final Order and Judgment should be entered pursuant to the Stipulation, inter alia, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

   e. to rule on Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; and

   f. to rule on such other matters as the Court may deem appropriate.

  10. The Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice of any kind to Class Members. The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

  11. Pursuant to the Notice, nominees who held or hold Amkor common stock for the beneficial ownership of persons who purchased Amkor common stock during the Class Period shall either: (I) send the Notice and Proof of Claim to such beneficial owners of such Amkor common stock by first class mail within ten (10) calendar days after receipt thereof; or (ii) send a list of the names and addresses of such beneficial owners to GCG within ten (10) calendar days of receipt thereof, in which event GCG shall promptly mail the Notice and Proof of Claim to such beneficial owners. GCG shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

  12. The form and content of the Notice, the Proof of Claim, and the Summary Notice, attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the

method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13. Any member of the Class may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and show cause if he, she or it has any reason why the Settlement should not be approved as fair, reasonable and adequate; why a Judgment should not be entered thereon; why the Plan of Allocation should not be approved; or why the application for attorneys' fees and reimbursement of expenses should not be awarded to Co-Lead Counsel as requested; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms of the Settlement, the Plan of Allocation, the Judgment, or Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses unless, within twenty (20) calendar days prior to the Settlement Fairness Hearing, such Class Member files with the Court and serves upon counsel listed below: (1) a statement of such Class Member's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Class Member desires to appear and be heard, as well as all documents or writings such Class Member desires the Court to consider; (3) whether that Class Member intends to present any witnesses; and (4) the Class Member's purchases and sales of Amkor common stock made during the Class Period, including the dates and amounts of Amkor common stock purchased or sold, the price(s) paid or received for each such purchase or sale of Amkor common stock, and whether such Class Member continues to hold such Amkor common stock at the time the statement of objection is served. Such filings shall be served upon the Court and the following counsel:

Co-Lead Counsel for Plaintiffs
and the Class:

Ira Schochet, Esq.
Christopher J. Keller, Esq.
Stephen W. Tountas, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Katharine M. Ryan, Esq.
Benjamin J. Hinerfeld, Esq.
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Counsel for Defendants Amkor Technology, Inc.,
James J. Kim, Kenneth T. Joyce,
Winston J. Churchill and Thomas D. George:

David S. Steuer, Esq.
Keith Eggleton, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050

Counsel for Defendant John N. Boruch:

Paul Gerding, Esq.
Paul S. Gerding, Jr., Esq.
KUTAK ROCK LLP
8601 North Scottsdale Road
Scottsdale, AZ 85253-2742

   14. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to GCG a request for exclusion ("Request for Exclusion") at least twenty (20) calendar days prior to the date of the Settlement Fairness Hearing. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Amkor common stock made during the Class Period, including the dates and amounts of

- 7 -

Amkor common stock purchased or sold, and the price(s) paid or received for each such purchase or sale of Amkor common stock; and (3) the amount or number of shares of Amkor common stock held as of the beginning of the Class Period on July 26, 2001; and (4) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

15.     Any Class Member who wishes to participate in the Settlement must submit a valid Proof of Claim to GCG in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked <u>not later than one hundred and twenty (120) calendar days following the Notice Date</u>. To be valid, a Proof of Claim must: (I) be completed in a manner that permits GCG to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Net Settlement Fund, but shall nevertheless be subject to and bound by the provisions of the Stipulation and the Final Order and Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such Persons request exclusion from the Class in a timely and proper manner, as provided herein.

16.     If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of

the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

17. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, the Class Representatives and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action or any claims against the Released Parties that are or relate in any way to the Released Claims as defined in the Stipulation.

18. The Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Class Representatives, any Defendant, any of the Released Parties, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Class Representatives, any member of the Class, or any other Person, has or has not suffered any damage.

19. Any party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, shall file with the Court and serve such submission(s) no later than seven (7) calendar days before the date scheduled for the Settlement Fairness Hearing.

20. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

21. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the release provided for in the Stipulation.

22. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. The Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Co-Lead Counsel and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

DATED this 25th day of August, 2009.

Paul G. Rosenblatt
United States District Judge

- 10 -