IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Amkor Technology Inc.<br>Securities Litigation<br><br>This Document Relates to:<br><br>All Actions. | CV 07-00278 PHX PGR<br><br>FINAL ORDER<br>AND JUDGMENT |

WHEREAS, a consolidated class action is pending in this Court, captioned *In re Amkor Technology, Inc. Securities Litigation*, Civil Action No. 07-CV-278 (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement dated August 25, 2009 (the "Preliminary Approval Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated May 20, 2009 (the "Stipulation") entered into by Co-Lead Plaintiffs State-Boston Retirement System, Scott Bishins, Westmoreland County Employees Retirement System and City of Wilkes Barre (the "Plaintiffs"), and additional class representatives Albert Hendricks and Glennon Zelch (together with Plaintiffs, the "Class Representatives"), on behalf of themselves and the Class (as defined in the Preliminary Approval Order), and defendants Amkor Technology, Inc. ("Amkor" or the "Company"), James J. Kim, Kenneth T. Joyce, Winston J. Churchill, Thomas D. George and

John N. Boruch (collectively, the "Defendants" and, together with the Class Representatives, the "Parties"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which the Court certified for settlement purposes in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Order and Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing ("Notice") has been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and a full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, and it is further determined that all members of the Class are bound by the Judgment herein.

4. The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate to, and in the best interests of the Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

5. The Action and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 8(b) below), are dismissed with prejudice as to the Class Representatives and the other members of the Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. As used in this Judgment, the terms "Released Parties," "Released Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means Defendants and the current and former officers, directors, partners, members, parents, subsidiaries, affiliates, employees, agents, attorneys, insurers, representatives, heirs, successors in interest and assigns of any Defendant or released Person.

(b) "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, without regard to the subsequent discovery or existence of such different or additional facts than those currently known by any of the Class Representatives and/or the members of the Class or which could have been determined by them, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, suspected or unsuspected, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in the Stipulation and below), (i) that have been asserted in this Action by the Class Representatives and/or the members of the Class against any of the Released Parties, or (ii) that could have been asserted in the Action or in any forum by the Class Representatives and/or the members of the Class against any of the Released Parties which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to, or which could have been referred to, in the

Action and which relate to the purchase of Amkor common stock from July 26, 2001 to July 26, 2006, inclusive.

(c) "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against the Class Representatives, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(d) "Unknown Claims" means any and all Released Claims that the Class Representatives and/or any Class Member do not know or suspect to exist in his, her or its favor as of the Effective Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his or its favor as of the Effective Date, which if known by him or it might have affected his or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Class Representatives and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in

the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

7.  Upon the Effective Date of the Settlement, the Class Representatives and members of the Class, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, successors, and predecessors, estates, heirs, executors, administrators, successors and assigns, and the respective officers, directors, shareholders, agents, legal representatives, and any Persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

8.  Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

9.  Upon the Effective Date of the Settlement, Plaintiffs shall dismiss their appeal to the United States Court of Appeals for the Ninth Circuit, *State-Boston Retirement System et al. v. Amkor Technology, Inc. et al.*, No. 07-16986.

10.  The Stipulation and all negotiations, statements, and proceedings in connection herewith are not and shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Class Representatives, any Defendant, any of the Released Parties, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and are not and shall not be construed as, or deemed to be evidence of, an admission or concession that the Class Representatives, any member of the Class, or any other Person, has or has not suffered any damage, except that the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought

against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

12. The Court finds that all Parties to the Action and their counsel have complied with each requirement of the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

14. No Authorized Claimant shall have any claim against Co-Lead Counsel, the Claims Administrator, or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

15. Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application for attorneys' fees and expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

16. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees and expenses if such determination is not made at the final hearing; and (3) supervising the distribution of the Net Settlement Fund.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED this 18th day of November, 2009.

_____
Paul G. Rosenblatt
United States District Judge