IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Amkor Technology Inc.<br>Securities Litigation<br><br>This Document Relates to:<br><br>All Actions. | CV 07-00278 PHX PGR<br><br>ORDER RE<br>ATTORNEYS' FEES AND<br>REIMBURSEMENT OF EXPENSES |

This matter having come before the Court on November 11, 2009, on the Motion of Labaton Sucharow LLP and Barroway Topaz Kessler Meltzer & Check, LLP ("Co-Lead Counsel"), on behalf of plaintiffs' counsel who contributed to the prosecution of the Action, for an award of attorneys' fees and reimbursement of expenses, and the Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated May 20, 2009 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto.

3. Co-Lead Counsel are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class

action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Ninth Circuit recognizes the propriety of the percentage-of-the fund method when awarding fees. *Chem. Bank v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1295 (9th Cir. 1994); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (affirming use of percentage method to calculate attorneys' fees and applying lodestar method as cross-check).

4.   Co-Lead Counsel have moved for an award of attorneys' fees in the amount of 25% of the gross Settlement Fund, or $2,812,500, plus interest earned on this amount at the same rate earned by the gross Settlement Fund. Co-Lead Counsel's fee request reflects a lodestar multiplier of approximately 1.2. Co-Lead Counsel have also requested reimbursement of their out-of-pocket expenses in the amount of $126,371.60, plus interest. Co-Lead Counsel's fee and expense application has the support of the Class Representatives.

5.   This Court concludes that the percentage-of-recovery is the appropriate method for awarding attorneys' fees in this Action and hereby adopts said method for purposes of this Action.

6.   The Court hereby awards attorneys' fees of twenty-five (25%) percent of the Settlement Fund, which sum the Court finds to be fair and reasonable. In addition, the Court hereby awards a total of $126,371.60 in reimbursement of out-of-pocket expenses. The foregoing awards of fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest earned on both amounts at the same rate as earned by the gross Settlement Fund. Said fees shall be allocated among plaintiffs' counsel by Co-Lead Counsel in a manner in which they believe fairly compensates each counsel's contribution to the prosecution and resolution of the Action.

7.   In making this award of attorneys' fees and expenses, the Court has analyzed the factors considered within the Ninth Circuit. *Vizcaino*, 290 F.3d at 1048-50. In evaluating these factors, the Court finds that:

(a)   The Settlement has created a fund of $11,250,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement;

(b)   Over 111,000 copies of the Notice were disseminated to putative Class Members indicating that Co-Lead Counsel would be requesting an award of attorneys' fees not to exceed 25% of the Settlement Amount and reimbursement of out-of-pocket expenses not to exceed $163,000, plus interest earned on both amounts at the same rate earned on the Settlement Fund, and no objections were filed against the terms of the proposed Settlement or the amount of the fees and expenses contained in the Notice;

(c)   Co-Lead Counsel have litigated this Action on a wholly contingent basis, and have borne all the ensuing risk -- including the risk of affirmance on Plaintiffs' appeal, surviving dispositive motions, obtaining class certification, proving liability, causation and damages, prevailing in a "battle of the experts," and litigating the Action through trial and possible appeals;

(d)   In this contingent litigation, Co-Lead Counsel faced considerable risks of no recovery throughout the litigation, given, among other things, the uncertainty of their appeal of the Court's dismissal of Plaintiffs' claims, as well as Defendants' defenses concerning scienter, loss causation and damages;

(e)   Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(f)   The Action involves complex factual and legal issues and was actively prosecuted for nearly three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    (g) Plaintiffs' Counsel have devoted over 5,109 hours, with a lodestar value of $2,359,725.10, to achieve the Settlement; and

    (h) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

  8. The awarded attorneys' fees and out-of-pocket expenses of Co-Lead Counsel shall be paid immediately after the date this Order is entered subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

  9. The Court retains continuing and exclusive jurisdiction over the Settlement, the administration and distribution of the Settlement and the attorneys' fee award and its payment.

  DATED this 18th day of November, 2009.

*(signature)*
Paul G. Rosenblatt
United States District Judge