**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>Amkor Technology Inc.<br>Securities Litigation<br>This Document Relates To:<br>ALL ACTIONS | No. 07-278-PHX-PGR<br><br>**ORDER AUTHORIZING<br>DISTRIBUTION OF CLASS<br>SETTLEMENT FUND** |

WHEREAS, by its Final Order and Judgment dated November 18, 2009, this Court approved the terms of the Stipulation and Agreement of Settlement dated May 20, 2009 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $11,250,000 cash settlement proceeds have been deposited by the Defendants into an interest-bearing escrow account maintained by Co-Lead Counsel, on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Fund was

| | |
|---|---|
| 1 | January 8, 2010; and |
| 2 | WHEREAS, in satisfaction of due process requirements, all Class Members who filed |
| 3 | claims that were in any way ineligible or deficient were: (1) informed that their claims were |
| 4 | ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their |
| 5 | claims being finally rejected, or to contest the determination as to the deficiency, by |
| 6 | requesting Court-review of their claims; and |
| 7 | WHEREAS, the process of reviewing all Proofs of Claim has been completed; and |
| 8 | WHEREAS, Co-Lead Counsel now seek authorization to distribute the proceeds of |
| 9 | the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses |
| 10 | previously approved by the Court or approved by this Order; and |
| 11 | WHEREAS, this Court has retained jurisdiction of this Action for the purpose of |
| 12 | considering any further application or matter which may arise in connection with the |
| 13 | administration and execution of the Settlement and the processing of Proofs of Claims and |
| 14 | the distribution of the Net Settlement Fund to the Authorized Claimants; |
| 15 | NOW, THEREFORE, upon reading: (1) the Affidavit of Jason Zuena, Senior Director |
| 16 | of Operations for GCG, Inc. ("GCG") (the "Zuena Affidavit"); (2) the Memorandum in |
| 17 | Support of Class Representatives' Motion for Distribution of Class Settlement Fund; and |
| 18 | upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby |
| 19 | ORDERED, that the administrative determinations of GCG accepting the claims as |
| 20 | indicated on the list of accepted claims submitted with and described in the Zuena Affidavit, |
| 21 | calculated under the Plan of Allocation, including claims submitted after the January 8, 2010 |
| 22 | submission deadline, be and the same hereby are approved, and said claims are hereby |
| 23 | accepted; and it is further |
| 24 | ORDERED, that the administrative determinations of GCG rejecting the claims as |
| 25 | indicated on the list of rejected claims submitted with and described in the Zuena Affidavit |
| 26 | (including the two Disputed Claims set forth in the Zuena Affidavit) be and the Same hereby |
| 27 | |
| 28 | |

are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that GCG be paid the sum of $298,134.86 from the Settlement Fund as payment for the balance of its fees and costs incurred and to be incurred in connection with giving notice to the Class, processing Proofs of Claim, preparing the tax returns for the Settlement Fund and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the list submitted with the Zuena Affidavit in proportion to each Authorized Claimant's Recognized Claim, calculated under the Plan of Allocation, as compared to the total Recognized Claims of all accepted claimants as shown on such list; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY DATE 120 DAYS AFTER ISSUE DATE." Co-Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that any funds remaining in the Net Settlement Fund by reason of uncashed checks, or otherwise, six (6) months following the initial distribution of the Net Settlement Fund to Authorized Claimants and after reasonable and diligent efforts have been made by GCG to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants

or to pay any late, but otherwise valid and fully documented claims received after the cutoff date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the Notice, (b) second, to pay any additional settlement administration fees and expenses, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making the second distribution, if such second distribution is determined to be economically feasible; and it is further

ORDERED, that six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remaining in the Net Settlement Fund, after GCG has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the Settlement cash their checks, shall be donated to ShareOwners.org; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that GCG is hereby authorized to discard paper copies of Proofs of Claim

and all supporting documents one (1) year after distribution of the Net Settlement Fund and electronic copies of the same three (3) years after distribution of the Net Settlement Fund; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted on or after June 20, 2011 may be accepted only for excusable neglect on the part of the claimant, as determined by Co-Lead Counsel.

DATED this 10th day of August, 2011.

_____
Paul G. Rosenblatt
United States District Judge